Appeal No. 04-15-00647-CV
Trial No. 2010-CI-14597

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 NOV -6 PM 12: 42

_Keith E. Hottle_
KEITH E. HOTTLE, CLERK

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

RACHEL A. RODARTE (DECEASED)
JOHN E. RODARTE SR. APPELLANTS,
VS

BENEFICIAL TEXAS INC., ITS SUCCESSORS AND ASSIGNS, APPELLEES,

FROM THE 166TH JUDICIAL DISTRICT COURT, BEXAR COUNTY, TEXAS
TRIAL COURT NO. 2010-CI-14597
HONORABLE MICHAEL MERY; RICHARD PRICE PRESIDING

APPELLANT'S BRIEF

ORAL ARGUMENT REQUESTED

JOHN E. RODARTE SR.
REPRESENTATION: SELF
TDCJ # 1263270
CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS 79107-9606

1.

Identities of Parties and Counsel
Pursuant to Texas Rules of Appellate Procedure, Rule 38.1 (a).

APPELLANTS:
John E. Rodarte Sr.
Rachel A. Rodarte (Deceased)

Trial and Appellate Counsel
John E. Rodarte Sr. Pro-Se
TDCJ# 1263270
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

APPELLEES:
Beneficial Texas Inc., its assigns and successors, HSBC Mortgage Bank, U.S. Bank Trust N.A., as Trustee for LSF 8 Master Participation Trust

Note: As of March 12, 2014 U.S. Bank Trust filed new lien and subsequently, a second in rem motion for summary judgement; new trustees, beneficiaries

Trial Counsels:
For the October 07, 2015 Hearing of Second in Rem S.J. Motion:
Bruce H. Neyland
14350 Northbrook Dr. # 150
San Antonio, Texas 78232
(210) 490-1141

Mr. Randall, Mr. Robert Negrin, of Codilis and Stawiarski, P.C.
650 North Sam Houston Parkway East, Suite 450
Houston, Texas 77060
(281) 925-5210

Please note, that on July 11, 2013, and August 28, 2013, Judge Richard Price denied Plaintiff's (Appellees) interlocutory in rem S.J. Motion; instructed for submission by both parties, of our own orders; on August 28, 2013 Judge Price signed Plaintiff's submission/Granted as to all of Plaintiff's pleadings + claims, except as to Appellant Rodarte Sr. and Ms. Patterson, which was denied to Plaintiffs without prejudice and subject to refiling. This point is simple, due to the passage of time since 07/11/2013 and 08/28/2013 as per Federal Separate Document Doctrine, and 75 day plus 30 day rule of operation of law, doctrines of collateral, judicial estoppel, issue and claim preclusion, must apply.

2.

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ............................ 2

TABLE OF CONTENTS ............................ 3

APPENDIX ............................ 26

INDEX OF AUTHORITIES ............................ 27

STATEMENT OF THE CASE ............................ 

STATEMENT REGARDING ORAL ARGUMENT ............................ 12

ISSUES PRESENTED ............................ 8

STATEMENT OF THE FACTS ............................ 8, 9, 10

SUMMARY OF ARGUMENT ............................ 13-25

ARGUMENT ............................
3, 4, 5, 6

GROUND ONE: JUDGE MICHAEL MERY, ABUSED HIS DISCRETION, WHEN HE GRANTED ON OCTOBER 07, 2015 PLAINTIFF'S SECOND IN REM MOTION FOR SUMMARY JUDGEMENT, CLEARLY IN CONFLICT AND CONTRARY TO TESTIMONY PRESENTED BY RODARTE SR. IN DEFENSE AND CASE LAW, TEXAS CONST. ART. 16, 9, 11, 1, 28, 29, 48, 49, 50, 51, 52, PROPERTY CODE, 41.001 (a)(b)(c), 41.002 (a)(b)(c), 42.001, 52.001, PROBATE CODE, FINANCE, INSURANCE, UNIFORM COMMERCIAL CODE, CIV. R. PRO. 166a, TRIAL COURT AND APPELLATE COURTS, SHOULD VIEW AS TRUE RODARTE SR.'s (NON-MOVANT) PLEADINGS, ISSUES THAT SHOULD BE BEST LEFT FOR A JURY.

GROUND TWO: RACHEL A. RODARTE, COMPLETED A GENERAL WARRANTY GIFT DEED, PROPERLY FILED, AND A LAST WILL AND TESTAMENT, FILED IN THIS CAUSE OF ACTION, TO WHICH, UNDER TEXAS LAW, THE 166th JUDICIAL DIST. CT. HAD EMMINENT JURISDICTION TO PROBATE THE WILL AND SET ASIDE PROPERTY, AS EXEMPT HOMESTEAD, BEING UNDER TEXAS HOMESTEAD EXEMPT PROTECTION, FAILED TO DO SO, BEING THAT RODARTE SR. IS A LIVING HEIR OF HIS MOTHER, AND WAS BEQUEATHED HIS HOME AS WELL, THAT IN A JUDICIAL PROCEEDING, IN BEXAR COUNTY, CAUSE NO. 1995-CI-05393 JUDGE CAROL HABERMAN, DECREED SAID PROPERTY TO RODARTE SR. ON JUNE 22, 1999, SHOULD LEAVE THE PROPERTY TO RODARTE SR. FREE AND CLEAR OF ALL CREDITOR BENEFICIAL TEXAS INC. CLAIMS.

Arguments, Cont:

Ground Three: Judge Mery, failed a ministerial duty to follow any guiding principles of law, as found in Ground One, and failed to follow precedent caselaw concerning issues on summary judgements, that when there are issues of genuine issues of fact, as raised by Rodarte Sr., that loan contract violated Texas Const. Art. 16:50 and its subsections, truly exhibit a claim of predatory lending, when lending a 76 year old woman two loans back to back, without insuring the note, as afforded by Texas Finance and Insurance codes, that, under Uniform Commercial Code, Beneficial Texas Inc. left blank a voluntary stipulation to use the proceeds from the loan in question, to pay an existing loan with the same lender, that at that moment, total went to a total of $110,000.00 that a note made in 2005, using Bexar County Appraisal District Values, in 2005, property was valued at 59,900.00 Beneficial Texas Inc. Lent Rachel A. Rodarte. 49,900.00 and one year and 3 months later, loaned in 2006 loan in question, 60,000.00 property valued at 65,080.00 to which, in 2006 was lent 60,000.00 and in 2005 was lent 49,900.00 which was more than the 80% of the fair market value as allowed by law, in the lending more than allowed by law, there is also the fact that there is no evidence by appellees to any agreement of the fair market value, between lender (Beneficial), borrower (Rachel A. Rodarte), lack of evidence of appellant's signature, as owner, as per 1995 Divorce Decree, lack of acknowledgement between lender and borrower, that property in question, was, or was not a homestead. Blanks were left on the last page of lien filed by Beneficial Texas Inc. as "N/A" to which district clerk stamped and filed on a page with blanks. Without copies of all closing signed documents, will not allow appellant to determine, if lender went beyond the 3% of the principale amount. There is no copy of a contract in Spanish, or that loan, was explained in Spanish, as per interpreter, Mrs. Rodarte's primary language was Spanish. That, as movant Beneficial Texas, in summary judgement motion, that appellant's testimony, motions filed by first by appellant were not heard, that as a non-movant, appellant's testimony and previously filed exhibits, are to be viewed as true in favor of non-movant, this was not done, as a matter of law by Judge Mery.

4

GROUND FOUR: CONCERNING HON. JUDGE RICHARD PRICE'S ORDERS ON JULY 11, 2013 DENYING PLAINTIFF'S (APPELLEE'S) INTERLOCUTORY IN REM MOTION FOR SUMMARY JUDGEMENT AND JUDGE PRICE'S ORDER DENYING PLAINTIFF'S MOTION ON AUGUST 28, 2013 FOLLOW THE FEDERAL SEPERATE DOCUMENT DOCTRINE, MAKING THE AUGUST 28, 2013 ORDER A FINAL JUDGEMENT.

NEXT, DID THE AUGUST 28, 2013 ORDER, BECOME FINAL UNDER THE 75 PLUS 30 DAYS OPERATION OF LAW PASSAGE OF TIME WITHOUT ANY FILINGS BY PLAINTIFF WITHIN THE 105 DAYS, THUS BECAME FINAL AT THAT POINT. THAT UNDER COLLATERAL AND JUDICIAL ESTOPPEL DUE TO A FINAL JUDGEMENT APPLIES. SHOULD THERE BE A FINDING OF NO FINAL JUDGEMENT, THEN, SINCE THERE WAS AN ORDER FAVORABLE TO APPELLANT ON AUGUST 28, 2013, THAT THE DOCTRINE OF COLLATERAL AND JUDICIAL ESTOPPEL APPLY.

GROUND FIVE: THAT THE COUNTY JUDGE D. MERY, DENIED APPELLANT HIS HOMESTEAD EXEMPTION AS AFFORDED TO HIM BY TEXAS LAWS AND FEDERAL U.S. BANKRUPTCY CODE TITLE 11. USCA § 522(F)(1)(B)(2) BY NOT SETTING ASIDE APPELLANT'S PROPERTY ON OCTOBER 07, 2015 AS WELL AS BY JUDGE PRICE, BY ALLOWING THE PLAINTIFF TO TAKE YET ANOTHER OPPORTUNITY TO TAKE AWAY THE HOME FROM A RIGHTFUL LIVING ADULT HEIR, FREE AND CLEAR OF BENEFICIAL'S CLAIMS.

GROUND SIX: THE APPELLEES, DID NOT PROVE, THAT APPELLANT DID NOT GIVE UP HIS INTEREST, ABANDON HIS HOMES OR THAT UNDER TEX. CONST. ART. 16 § 9 DOES NOT ABANDON HIS RESIDENCY DUE TO DOING BUSINESS FOR THE STATE, NAMELY AN ILLEGAL CONVICTION, THAT APPELLANT WAS LIVING AT THE PROPERTY AS ESTABLISHED RESIDENCE SINCE JULY 1994, ALL BEXAR COUNTY APPRAISAL DIST. AND BEXAR COUNTY TAX OFFICE DOCUMENTS SHOW APPELLANT AS 100% CERTIFIED OWNER. PLAINTIFF DID NOT PROVE, THAT APPELLANT ABANDONED HIS HOME, OR THAT APPELLANT WAS NEVER GOING TO RETURN TO HIS HOME, THE PROPERTY IN QUESTION.

GROUND SEVEN: THAT FOR THE VIOLATIONS BY APPELLEES, IN UNDERWRITING SUCH A LOAN CONTRACT WITH SO MANY VIOLATIONS OF TEXAS CONST. ART. 16 § 50, SHOULD BE BE BASED ON FRAUD, SHOULD BE DEEMED VOID, SHOULD RETURN ALL MONIES PAID BY RACHEL A. ROOARTE, AND SHOULD HAVE RELEASED THEIR LIEN, DUE TO, BY LAW APPELLEES, SHOULD HAVE INSURED THEIR INTEREST, OTHERWISE A TAKING ADVANTAGE OF THE ELDERLY AND CONTRACTS LANGUAGE, ALLOWED APPELLEES, TO INSURE THE LOAN ANYWAY, WHEN BORROWER FAILED TO MAINTAIN ADEQUATE INSURANCE COVERAGE, A PREDATORY LENDING. SEE INSURANCE RIDERS AND DISCLAIMERS THAT INSURANCE WILL BE ADDED BY LENDER AT A HIGHER COST, ALREADY INCLUDED IN ALL CLOSING AND SERVICING FEES.

5.

ARGUMENTS, CONT.

GROUND EIGHT: JUDGE MERY, FAILED TO ADMINISTER APPELLANT UNDER OATH, EVEN AFTER APPELLANT ASKED, IF THE JUDGE WAS GOING TO PLACE ME UNDER OATH, TO WHICH HE STATED, "THAT WE ARE NOT HEARING EVIDENCE". WHEN APPELLANT, ASKED WHAT WAS BEING "HIGHLIGHTED", JUDGE MERY SAID NOT TO INTERUPT. BEING INCARCERATED, MUST AFFECT MY ABILITY TO BE ASSERTIVE. DUE TO NOT BEING ABLE TO VOICE ANY KIND OF ARGUEMENT OR KIND OF RESPONSE TO ANY T.D.C.J. OFFICERS, USUALLY IN DISBELIEF, ESPECIALLY WHEN THEY ARE WRONG, AND YOU ARE USUALLY MET WITH RETALIATION, FOR SIMPLY "TALKING BACK". SEE RECORD AS TO APPLICATION OF LAW, CASES AND REFERENCE TO CAUSE NO. 2005-CI-18884, 04-15-00012-CV DUE TO APPELLATE CONCERNS AGAINST JUDGE MERY. CLEAR ABUSE OF DISCRETION AND ABSENCE OF GUIDING LEGAL PRINCIPLES IN HIS DECISIONS ON 2010-CI-14597 AND 2005-CI-18884, DENYING APPELLANT A MINISTERIAL AND FIDUCIARY DUTIES AS A JUDGE, TO UPHOLD HIS OATH TO UPHOLD THE LAWS. TEXAS CONST. ART. 16 § 1

GROUND NINE: SAID CURRENT AND PREVIOUS DENIALS TO SET ASIDE EXEMPT PROPERTY TO APPELLANT AS AFFORDED BY TEXAS AND U.S. FEDERAL LAWS, IS A DENIAL TO APPELLANT'S EQUAL PROTECTION OF THE LAWS, AGAINST DISCRIMINATION DUE TO BEING AN INMATE, AN ILLEGAL ONE AT THAT, RIGHT TO DUE PROCESS OF LAW, 4th, 5th, 6th, 7th, 14th AMENDMENTS, ESPECIALLY DUE TO THE AMOUNTS DUE APPELLANT, RETURN OF MONIES PAID, QUIET TITLE, REMOVING CLOUD FROM TITLE, HOMESTEAD, NOT TO WEAKEN APPELLANT'S RIGHTS OR HOMESTEAD. APPELLEES, FAILED TO DISPROVE APPELLANT'S CLAIMS, RIGHT TO PROPERTY BY LAW, AS HEIR.

PRAYER _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 7

CERTIFICATE OF COMPLIANCE _ _ _ _ _ _ _ _ 7

CERTIFICATE OF SERVICE _ _ _ _ _ _ _ _ _ 7

* NOTE: SEE COMPLETED ON OCTOBER 14, 2015, APPELLANT'S NOTICE OF APPEAL, MOTION FOR INJUNCTION, ETC. CONCERNING THIS CAUSE OF ACTION: 2010-CI-14597 BENEFICIAL TEXAS INC., ITS SUCCESSORS AND ASSIGNS Vs. RACHEL A. RODARTE, JOHN E. RODARTE SR.

6.

## PRAYER

APPELLANT RODARTE SR... WITH A SON'S RESPECT FOR HIS MOM RACHEL A. RODARTE, PRAYS TO GOD IN HEAVEN, THAT THE HONORABLE FOURTH COURT OF APPEALS, IN SAN ANTONIO, TEXAS GRANT THE PEACE, HONOR, DIGNITY BESTOWED BY OUR FATHER IN HEAVEN, BY GRANTING THE RELIEF SOUGHT.

RESPECT FULLY DONE

## CERTIFICATE OF COMPLIANCE

THIS IS TO CERTIFY, THAT APPELLANT'S BRIEF, COMPLIES WITH T.R.A.P. RULES, 4th, 5th, 6th, 7th, 14th AMENDMENTS, AND APPLICABLE TEXAS CONST. ARTICLES 1, 9, 10, 13, 19; 16 § 1, 9, 14, 28, 29, 48, 49, 50, 51, 52; TEXAS FINANCE, INSURANCE, PROBATE UNIFORM COMMERCIAL CODES, RULES OF CIVIL PROCEDURE.

RESPECTFULLY DONE

## CERTIFICATE OF SERVICE

THIS TO CERTIFY THAT A TRUE COPY OF THIS FORGOING APPELLANT'S BRIEF, HAS BEEN HOPEFULLY SENT BY TDCJ CLEMENTS UNIT OFFICIALS TO BRUCE H. NEYLAND, AT 14350 NORTHBROOK DR. STE. 150 SAN ANTONIO, TEXAS 78232

IT IS REQUESTED BY APPELLANT RODARTE SR. THAT MR. NEYLAND NOTIFY AND SERVE COPY TO OTHER COUNSEL OF CODILIS AND STAWIARSKI P.C. AT 650 NORTH SAM HOUSTON PARKWAY EAST, STE. 450, HOUSTON, TEXAS 77060 AND ANY OTHER TRUSTEES, SUCCESSORS AND ASSIGNS, BENEFICIARIES.

EXECUTED ON THIS October 29 2015

RESPECTFULLY DONE

J.R. Hr
10/26/2015
COMPLETED

7.

## STATEMENT OF THE CASE

Rodarte Sr's mother Rachel A. Rodarte did in fact borrow money from Beneficial Texas Inc. in both 2005 and 2006, 2006 being in question for cause no. 2010-CI-14597 and this appeal. Mrs. Rodarte passed away on January 10, 2010, fell ill in June 2009 due to illness and unscrupulous family member Mrs. Patterson, Mrs. Rodarte own daughter only knows what occurred with appellant's mother from June 2009 to to January 10, 2010, failed to maintain payments to which Beneficial Texas Inc. issued late notice and acceleration letters in July 2010 and filed original petition for foreclosure on August 31, 2010.

Before proceeding with facts of the case, appellant, wishes to, untimely add a ground ten: from the time that appellee filed notice in July 2010 or filing suit on August 31, 2010 it must appear, that from appellees' last filing on September 04, 2015 their second in rem motion for summary judgement, heard and granted on October 07, 2015 was beyond the four year limitation found in Texas Civ. Prac + Rem. Chap. 16.035(b) therefore avoid judgement action and proceeding on October 07, 2015.

And due to the claims of fraud by appellant, that appellees contract, lien, and action due to the violations of Texas Const. Art. 1650, contract law based on fraud, also falls under scrutiny of Civ. Prac + Rem. 12.003 causes of action (a) (7)(8); Chap. 9 Insurance codes Gov. Code 51.901 (c); Penal Code 3701 (3) (B) (C) (b); Gov. Code 51.902 action on fraudulent judgement liens see also Tex. Business and Commerce Code 3.108 (b) (2002), to which the TDCJ Clements unit, no longer maintains for access, among other, finance, Bus. + Com; Insurance, Commercial, Probate, Administrative Codes, makes for correctly litigating and appealing impossible.

## FACTS OF THE CASE

While the only fact that appellees can attest to, is that Mrs. Rodarte did enter into an extension of credit with appellees Beneficial Texas Inc. on Dec. 22, 2006 for $60,000.00 and for $49,900.00 in 2005. Appellees, failed to disprove all claims by appellant to which a jury trial was motioned for, but was never set on docket. The following issues or claims, were better suited for a jury, Civ. Prac. Rem. Chap. 33. and 7th Amendment, Jury Trial.

8.

## FACTS OF THE CASE, CONT.

APPELLEES, FAILED TO DISPROVE APPELLANT RODARTESR'S INTEREST IN SAID PROPERTY, TO WHICH SAID INTERESTS, HAVE NEVER WANED, NEVER ABANDONED HIS HOME. MR. RODARTE SR.'S INTERESTS IN PROPERTY IN QUESTION 7418 PIPE SPRING, BEGAN IN JULY 1994 WHEN HE BOUGHT THE PROPERTY FROM HIS UNCLE RUDOLFO PATINO FOR $36,000.00 ESTABLISHED HIS RESIDENCY ON JULY 1994, THIS IS REFLECTED IN CPS ELECTRIC SERVICES, SAWS WATER SERVICE, SOUTHWESTERN BELL TELEPHONE, CREDIT CARD PAYMENTS TO THEN TOM JONES T.V. AND HOME DEPOT, TEX. D.L. # 07455067, SID # 266231 BEXAR COUNTY SHERIFF'S DEPT. 2003 AND 2011, ARREST AND BENCH WARRANT, ALL SHOW 7418 PIPE SPRING SAN ANTONIO, TX AS RODARTE SR.'S HOME.

ALL BEXAR COUNTY APPRAISAL DIST. LIST APPELLANT, AS 100% CERTIFIED OWNER, BEXAR COUNTY TAX ASSESOR ALBERT URESTI LIST APPELLANT, AS OWNER.

APPELLEES, FAILED TO DISPROVE A VALID GENERAL WARRANTY GIFT DEED WHICH STATES: "RESERVATION FROM CONVEYANCE" AS NONE. SAME GOES FOR A LAST WILL AND TESTAMENT BY MRS. RODARTE, LEAVES MY HOME TO ME, HER SON, A LIVING HEIR, TO WHICH OTHER HEIRS, HAVE WAIVED THEIR RIGHTS OF HEIRSHIP. ONCE AGAIN, APPELLEES HAVE FAILED TO PRODUCE ALL SIGNED AT CLOSING DOCUMENTS, THAT, BY TEXAS CONST. ART. 16 §50 ARE SUPPOSED TO EXIST, BUT DO NOT. A LOAN CONTRACT, HAS A BLANK SPACE FOR SIGNATURE, FOR VOLUNTARY USE OF PROCEEDS OF THIS LOAN, TO PAY-OFF PRIOR LOAN; WRITTEN ACKNOWLEDGMENT BETWEEN LENDER AND BORROWER OF FAIR MARKET VALUE OF PROPERTY, ON WHICH TO BASE LENDING NO MORE THAN 80% OF FAIR MARKET VALUE, TO WHICH APPELLANT USES THE 2005 AND 2006 BEXAR COUNTY VALUES; BECAUSE APPELLEES DO NOT DISPROVE THIS.

APPELLEES FAIL TO DISPROVE, THAT THEY DID NOT LEND MORE THAN 80% AS AFFORDED BY LAW, AND FAILED TO CURE THE ERROR, FAILED TO DISPROVE, THAT BY LAW, SINCE AN EARLIER JUDGEMENT IN # 1995-CI-05393, PROPERTY WAS DECREED BY JUDGE CAROL HABERMAN TO APPELLANT ON JUNE 22, 1998, TO WHICH, AS BY LAW, CONTRACT MUST CONTAIN SIGNATURES BY ALL OWNERS, THIS WAS NOT EVIDENT IN APPELLEES CONTRACT OR DISPROVED. APPELLEES, FAILED TO PRODUCE ANY ACKNOWLEDGEMENT, THAT SAID PROPERTY WAS, OR WAS NOT MRS. RODARTE'S HOMESTEAD, TO WHICH, AS EVIDENCE WOULD SHOW 7418 PIPE SPRING WAS MRS. RODARTE'S ADDRESS WHERE SHE WAS LIVING AT IT THEREFORE UNDER THE SACRED SACROSANT TEXAS HOMESTEAD EXEMPTION LAWS, ALSO PROTECTS LIVING ADULT HEIRS, TO BE FREE AND CLEAR OF APPELLEES' CLAIMS AND SEIZURE.

9.

Rodarte's Appeal Brief, Beneficial Texas Inc. (October 26, 2015)

## FACTS OF THE CASE, CONT.

Appellees, failed to disclose documents pertaining to insurance underwriting of 2006 or 2005 loan contract, being that by law, to which appellant is certain; while Mrs. Rodarte did in fact maintain fire, hazzard insurance coverage on the property; it is the fact of other insurance coverages; that the contract allows lender, to add other insurance at a higher cost, yet, this coverage is added without notice, only upon lapsing of coverage by borrower, or whatever is deemed lapsed or needed by lender, is what is of concern now. Thus, appellees have not been able to produce evidence of additional underwriting, or to disprove this claim. This concern, must also concern other citizens, whom have done Busin business with Beneficial Texas Inc. Along the same lines of home loans, that on the face of the contract, shows predatory lending, by only securing the loan and or contract with someone's home, when the language of the contract, shows otherwise under insurance coverage premiums, quoted within the contract's language. Texas and Federal finance and insurance codes stated, in order to make homesteads exempt from the claims of creditors, creditors are supposed to insure against putting families "out in the streets". This is especially true under the ex post facto clause, and the Texas Const. Art. 16 §50's passage of " ALL LIENS ARE VOID UNLESS MONEY BORROWED is used to purchase a home to repair, make improvements, or to pay taxes, was the only way to lose a home under Texas Const. Appellant Rodarte Sr. will attest to, and assure the Honorable Court, that Mrs. Rodarte, being recipient of almost $4,000.00 a month. From her husband's retirement, pensions, military, social security benefits, there was no need for Mrs. Rodarte to borrow from the appellees, not once, but twice.

This Court, must be made aware of the facts that there was a Federal U.S. Dist. Ct. Settlement, concerning all 2009 and 2010 filings, that concerned bad loans, and or bad mortgages, concerning HSBC Bank; as the record will show, HSBC Bank, was "new" successor or assigns which must be questioned as to this proceeding. And must be scrutinized by this Court, legal watchdogs, etc. Appellees, did not prove, that by law, that the property in question, 7418 Pipe Spring San Antonio, Texas 78238 is not by law Appellant's homestead.

10.

Rodarte's Appeal Brief, Beneficial Texas Inc. (October 26, 2015)

## Rodarte's Statement of Grave Importance

On this date of October 26, 2015 7:30 PM, I was dealt yet another denial to justified requested mailing supplies of 1 pen empty pen was not returned, 25 sheets of paper, 10 envelopes 5 for legal, 5 for personal mail, none was issued.

I am enclosing Clements Unit Law Library form, as to why I was not issued supplies. What is needed here, is the request form I filled out on 10/26/2015 with commentary on reverse side with my justification for excess excess supplies for the month.

For reference of this matter of Grave Importance concerning access to courts, legal material, that should I miss out on legal mailing supplies and legal material, including any requests for inmate trust fund printouts for the courts. This is a clear case of TDCJ Policy, rules or TDCJ's personal secret agendas agendas retaliation, that, is regardless of any court's rule requirements or a judge's order or recommendations, that simply disregards any court of law, regardless of a court's rules, orders, I will include a letter to Assist. Warden Nash, depicting this matter, without nary a response, or as the included form would show, my letter to Warden Nash, did nothing.

This next issue, concerns more of the same as above, and my exhibits of TDCJ supply denials are extensive and concern this cause of action. On September 29, 2015 I filed a removal action to U.S.D.C. there in San Antonio, Texas, I received a order of referral, signed on October 19, 2015 by U.S. Judge Fred Biery, # SA-15-CA-870-FB or 5:15-CV-00870.

Since I was not honored a request for postage and supplies for removal action on September 28, 2015, I had to obtain my own postage, and mailed out removal action on September 28, 2015, which counsel Mr. Neylano did in fact received copy of removal action, see transcripts of hearing of October 07, 2015 in 166th court, but the trial court had no receipt of removal action, to which I must question the space difference of September 29, 2015 to signing date of October 19, 2015 in U.S.D.C. San Antonio, Texas. I may have sent to 655 Cesar Chavez address, instead of 727 Cesar Chavez still, that would not create such a large window from mailing date, to signing date.

This unit must be seriously investigated. My only problems should have been inadequate medical care of diabetes, back injury, nerve damage to eyes + feet, OH, and fighting my illegal conviction. Now I have to worry about my life and well being, not just because of being lock-up for such a false crime, but TDCJ officers who have killed inmates. And I'm expected to be polite!

## Statement Regarding Oral Argument

While a request for Oral Argument is seldomly granted, especially to an inmate, regardless of whether his conviction is legit or not, Oral Argument is requested because, even though lawful avenues, application of law as it is written may be equally or evenly understood, this is not always the case, otherwise why are there appeals?

Another reason for Oral Argument is quite simple, the establishment of appellant's residence, how and who appellant bought 7418 Pipe Spring from, unfortunately, does not reside in any Texas or U.S. legal law or rule book.

Or, what records or witnesses may offer, as to who lived at 7418 Pipe Spring from July 1994 until appellant's arrest on April 17, 2003.

Or what repairs appellant had to make, to restore 7418 to occupyable standards in July 1994, that a cashier's check in the amount of $10,000.00 for appellant's uncle Rudolfo ~~Patino~~ Patino drawn from then Kelly Field Bank on Bandera and Wurzbach Rd.

Or that an affidavit of Heinshia by Rudolfo ~~Patino~~ Patino, knew appellant for 33 years recorded there in Bexar County, shows that Mr. Patino was my uncle before he passed, deeded my th home to Mrs. Rodarte through my cousin and aunt, which was done, to avoid having to divide property through divorce to then appellant's wife Charity Allen Alvarez, to which appellant had already bought and established his home. Or that through a 1995 divorce decree must be held lawfully binding, decreeing property to the appellant, on June 22, 1998.

Appellant Rodarte Sr. believes that this court's justices are aware of the 1995 evidence that should have been presented in 2003-CR-4651; 04-04-00673-CR appellant's home would not be in such turmoil, otherwise 7418 Pipe Spring, is still appellant's home by law.

12.

## Summary of the Argument

GROUND ONE: Abuse of discretion by Judge Michael Mery, Reyes vs. State 82 S.W.3d 351 among other similar cases, that elude Appellant, is also reason why Appellant raised cause/made reference to Cause No. 2005-CI-18884: 04-15-00012-CV is that Judge Mery maintained attitude towards Appellant, for either being pro se or an inmate or both, is simply that Judge Mery, is ruling without guiding principles of law, failing to take into account the matters of law as raised before, as raised in motions filed specifically to be heard on October 07, 2015, to which Judge made reference to, but failed to proceed to hear Appellant's motions.

This is especially true of granting Appellees' Second In Rem motion for Summary Judgement (S.J.), where Appellant's pleadings testimony, since Appellant's motions were not heard, and Appellant as non-movant, Appellant's pleadings must be held as true and favourable to Appellant. While Appellees Second In Rem S.J. motion is lacking lawfully in that its language is clear on the front page #1, there are no genuine issues of fact, no evidence to prove any material fact, elements of Plaintiff's claims, thus, becomes in essence, a NO EVIDENCE S.J. motion. That under Appellant's affirmative defenses as raised all along, that said matters of law pertaining to probate property, finance, insurance codes, Texas Const. Art. 16, 9, 11, 50: applicable subsections, 51, 52 are matters of law that are better suited for a jury, not a judge.

A no evidence S.J. based on affirmative defenses that Appellant has the burden of proving in trial, a party should not move for a no evidence S.J. See Pollard vs. Hanschen 315 S.W.3d 636; such a no evidence S.J. should be considered an improper vehicle for adjudicating their already exhausted affirmative defenses, hence, see Appellees Original Petition for Foreclosure, filed August 31, 2010, Interlocutory In Rem S.J. ruled on July 16, and August 28, 2013 concerning the exact same issues on Appellees Second In Rem S.J. motion, heard October 07, 2015. See Nowak vs. DAS Investment Corp. 110 S.W.3d 677, a party may never properly move for no evidence S.J. to prevail on its own affirmative defenses, that defendants have the burden of proving in trial.

By mere fact that Appellees moved for such a no evidence S.J. motion, is because Appellees themselves cannot produce contrary evidence to Appellant's own affirmative defenses, much less disprove them in a court of law, or equity, or before a jury. See Anderson vs. Liberty, 106 S.Ct. 2505, 2511 if reasonable minds could differ as to the import of the evidence, however a verdict should not be directed.

13.

## SUMMARY OF ARGUMENT, CONT.

GROUND ONE (CONT.) GOING BACK TO NOWAK VS. DAS, THE NON-MOVANT (APPELLANT), NEED NOT MARSHAL ITS PROOF, BUT ONLY NEED TO SHOW SOME EVIDENCE "MORE THAN A SCINTILLA" THAT A FACT ISSUE EXISTS. THIS HAS BEEN DONE BY APPELLANT EVER SINCE 2010-CI-14597 GOT UNDERWAY, ONLY TO BE MET WITH OTHER PARTIES' INTERESTS, DECISIONS CONTRARY TO APPELLANT'S SUBMITTED EVIDENCE AND APPLICATION OF FAVORABLE LAW PERTAINING TO DEEDS, WILLS, HEIRS, TEXAS CONST. SEE PAGE 680 OF NOWAK, NOTE #2. ALTHOUGH CERTAINLY THE WISEST AND SAFEST THING TO DO, IS TO RESPOND AND POINT OUT WHY THE MOTION FOR NO EVIDENCE S.J. (2nd IN REM S.J.) MUST BE DENIED, THIS WAS DONE YET AGAIN IN THE COURSE OF THIS ACTION, ON OCTOBER 07, 2015 BY APPELLANT'S TESTIMONY. HOWEVER, THERE IS ONE OCCASION WHEN THE NON-MOVANT NEED NOT RESPOND TO THE S.J. MOTION, BECAUSE THE S.J. MOTION SHOULD NOT HAVE BEEN FILED AT ALL:

MORE STILL FROM NOWAK VS. DAS, 110 S.W. 3d. 677. " IF WE WERE TO ALLOW DAS INVESTMENT CORP. (~~XXXX~~) TO PREVAIL ON THIS NO EVIDENCE MOTION, IT WOULD BE THE SAME AS ALLOWING A MOVANT TO PREVAIL ON A TRADITIONAL MOTION FOR S.J. WITHOUT PROVING ITS CLAIMS OR AFFIRMATIVE DEFENSES AS A MATTER OF LAW", CLEARLY, UNDER S.J. LAW WE CANNOT DO DO THAT" 166a(?), LIKEWISE WE CANNOT ALLOW DAS TO PREVAIL ON ITS MOTION. APPELLANT MAY NOT BE A A JUDGE OR LAWYER, BUT IT LOOKS LIKE, IF NEITHER PARTY CAN SUCCEED ON S.J., THEN A JURY SHOULD HAVE BEEN ALLOWED TO HEAR EVIDENCE. THIS WAS NOT DONE AS MOVED FOR IN THE PAST OR PRESENT, NOR WAS APPELLANT PLACED UNDER OATH, SEE TRANSCRIPTS, WHICH A RECORD WAS INDEED ASKED FOR, CLEARLY A DENIAL TO TEXAS CONST. ART. 1 & 1, 28, 29, U.S. CONST. 1st, 3rd, 4th, 5th, 6th, 7th AND 14th AMENDMENTS, TEXAS CONST. ART. 1 § 13, 19, CIV. PRACT REM. CHAPTER 33.001.

THUS JUDGE MERY'S GRANTING OF APPELLEES' SECOND IN REM S.J. MOTION, IS WITHOUT ANY GUIDING PRINCIPLES OF LAW AND TRULY CONTRARY TO THE WRITINGS FOUND IN TEXAS CONST. ART. 1 § 9, 10, 13, 19, 16 § 9, 11, 28, 29, 48, 49, 50, 51, 52, PROPERTY CODE 41.001 (a)(b)(c), & 41.002 (a)(b)(c), 42.001, 51.001, 51.002, AND PROBATE CODE 38, 58, 59, 270, 271, 281, 282, 455 460, ALL HAVING TO DO WITH DESENDANTS, LIVING HEIRS, INTEREST TO EXEMPT HOMESTEAD PROPERTY AS AFFORDED UNDER TEXAS LAW, OTHERWISE A SERIOUS MANIFEST INJUSTICE OCCURS, THROUGH A THIRD PARTY'S INTEREST, AND THIS CANNOT BE ACCEPTED OR ALLOWED.

14.

## Summary of Argument. (cont)

*** Please note, Appellant filed original petition for lawsuit against Caliber Home Loans on or about March 11, 2015. Appellant never received notice from Clerk's office of their receipt or docketing of action. A copy of petition was sent to Caliber Home Loan's Oklahoma City, Ok. wireless blvd. Address as well without a response. This alone, with the new "suit" should have, pursuant to Texas R. Civ. Pro. 736.11 (A)(B) should have dismissed any further action by Beneficial Texas Inc. on October 07, 2015.

It would appear that something is truly amiss at either the Clerk's office or this Clements unit. I will request a mailout date request from the mailroom here for verification purposes. See 04-15-00012-cv Cent. mail 01/30/2009

*** Copies of Chap. 14 list of inmate litigation and original petition for lawsuit against Caliber Home Loans its successors and assigns, meaning Beneficial Texas Inc.; are included, that copies be made available for the U.S. Dist. Court there in San Antonio, Texas through Clerk's Address 727 E. Cesar Chavez Blvd. Rm A500 78206-1106 and Clerk Yvette Taylor of U.S. Bankruptcy Court at 516, E. Houston St. Rm 546 San Antonio, Tx. 78205. I am fighting for my home, my freedom U.S. Supreme Court. # 14-9691 9691 along with my interest and legal deed + will, should prove that I have not or will ever abandon my home 7418 Pipe Spring Texas Const. Art. 16 # 9, 50, 51, 52.

*** I have sent legal mail to Ms. Valerie Alonzo and Terry Topham concerning this matter, especially Ms. Alonzo in the past to no avail. I have no way to verify if they received mail.

*** Even if I had to sell my home, I cannot because of questionable filings by Beneficial Texas Inc. that is contrary to Texas law, leaving my home mine, and free and clear of all creditor claims. Appellant, asks to quiet title, to remove cloud from title, homestead, to stop weakening my rights to my home, due to the impairing of my homestead exemption by Appellee's legal actions an unenforceable judicial lien.

Ground two: As found on page 3, Table of Contents, this Ground along with applicable Texas Const. Art. 16 # 9, 1, 50, 51, 52, 11, and Texas property codes 41.001, 42.001, 51.001, 51.002 and applicable subsections, along with submitted Gen. Warranty Gift Deed and Last Will and Testament and applicable case law, as applied then and now, is self-explanatory and should suffice.

15.

## SUMMARY OF ARGUMENTS, (CONT.)

GROUND THREE: REFER TO PAGE 4, GROUND 3 WILL BE QUITE EXTENSIVE, DUE TO CLAIM, THAT JUDGE MICHAEL MERY, ABUSED HIS DISCRETION ON OCTOBER 07, 2015 GRANTING APPELLEES SECOND IN REM S.J. MOTION, FAILING TO FOLLOW A MINISTERIAL DUTY AND FIDUCIARY DUTY, WITHOUT ANY GUIDING PRINCIPLES OF LAW, AS FOLLOWS. THIS ALSO PERTAINS TO WHY APPELLEES EVEN FILED A S.J. MOTION AS A SECOND IN REM S.J.

FIRST, JUDGE MERY FAILED TO TAKE AS TRUE AND IN FAVOR OF APPELLANT'S TESTIMONY OR PREVIOUS EXHIBITS OR WRITTEN PLEADINGS, WHICH WERE NOT HEARD ON OCTOBER 07, 2015 OR PLACED UNDER OATH. SEE IN RE CADENGO 370 B.R. 681 THAT APPELLEES' LOAN CONTRACT IN 2006 ALONG WITH COPY OF 2005 LOAN CONTRACT, TO SHOW APPELLEES' WILLINGNESS TO COMMIT FRAUD TO THE ELDERLY AND HEIRS WHEN THE 2006 LOAN IN QUESTION # 2010-CI-14597, CLEARLY VIOLATES TEXAS CONST. ART. 16311 MORE THAN TEN PERCENT INTEREST CHARGED, WHICH TEXAS LAW DOES NOT ALLOW, ART. 16350 (a)(6)(A)(i)(ii)(Q)(i)(iii)(v)(viii)(ix)(x)(xi)(3), THERE IS NO SIGNATURE FROM OWNER APPELLANT RODARTE SR. ON CONTRACT, EVEN UPON A PRIOR JUDGEMENT IN CAUSE No. 1995-CI-05393 THAT ON JUNE 22, 1998 JUDGE CAROL HABERMAN, DECREED 7418 PIPE SPRING TO APPELLANT. NEXT, CONTRACT, AND EXHIBITS BY APPELLEES FAIL TO PROVE ADDITIONAL OWNER SIGNATURE, FAILED PROVE THAT CONTRACT WAS TEXAS LAWFULLY SOUND AS TO TEXAS CONST. PROVISIONS STATED ABOVE, THERE IS NO EVIDENCE BY APPELLEES, THAT AN ACKNOWLEDGEMENT BETWEEN APPELLEES AND MRS. RODARTE SIGNED A FAIR MARKET VALUE APPRAISAL, TO PROVE THAT APPELLEES WOULD LEND EXACTLY THE 80% PERCENT OF THE FAIR MARKET VALUE OF PROPERTY, THUS ON POINT ALONE, AND IN ADDITION TO OTHER TEXAS CONST. INFRACTIONS BY APPELLEES, MUST FOREFEIT ALL INTEREST, PRINCIPLE AND MONIES PAID BY MRS. RODARTE THAT APPELLEES, MUST RESORT TO S.J. MOTIONS WHERE HAVE TO PROVE NOTHING, BUT SEEK A DIRECTED VERDICT TO AVOID PROPER LAWFUL DISMISSAL OF THEIR CASE, PAYING BACK MONEY AND DAMAGES, THAT A JURY WOULD CERTAINLY AWARD.

APPELLEES, FAILED TO PRODUCE EVIDENCE OF WRITTEN ACKNOWLEDGEMENT WITH MRS. RODARTE, THAT 7418 PIPE SPRING WAS, OR WAS NOT HER HOMESTEAD AS AFFORDED BY TEXAS LAW, AND APPELLEES FAILED TO DISPROVE THIS CLAIM AS WELL.

APPELLEES EXHIBITS OF LETTER OF ACCELERATION TO MRS. RODARTE AT 7418 PIPE SPRING, CONTRACT'S REFERANCE AS MAILING ADDRESS AS SAME, TAX RECORDS SHOWING SAME ADDRESS, PROVES 7418 PIPE SPRING, WAS MRS. RODARTE'S HOME ADDRESS, HER HOMESTEAD.

16.

## SUMMARY OF ARGUMENTS, (CONT.)

GROUND THREE: CONT. CONTINUING WITH CLAIMS CONCERNING JUDGE MERY, IS SUMMARY JUDGEMENTS. AS IT HAS BEEN RAISED BY APPELLANT WITHIN THIS BRIEF, WHEN THERE ARE AFFIRMATIVE DEFENSES, R. CIV. PRO. 94 AND ARE DISREGARDED ENTIRELY BY JUDGE MERY, MUST BE HELD TO AS SUSPECT AND TO REVIEW. OTHERWISE A TRIAL BY JURY SHOULD HAVE BEEN ORDERED, PLACED ON JURY DOCKET, NOT UNDER A DIRECTED VERDICT BROUGHT BY S.T. 166a(c). SEE NOWAK US. DAS INVESTMENT CORP. 110 S.W.3d 677; POLLARD VS. HANSCHEN 315 S.W.3d 636; SEE 529 F.3d 548 AN APPELLATE COURT, TAKES THE WELL PLEAD FACTUAL ALLEGATIONS OF COMPLAINANT COMPLAINANT/APPELLANT, AS TRUE AND REVIEWS THEM IN THE LIGHT MOST FAVORABLE TO APPELLANT. THIS IS WHY DETERMINATIONS OF CREDIBILITY, WEIGHING OF THE EVIDENCE AND DRAWING LEGITIMATE INFERENCES FROM THE FACTS. ARE JURY FUNCTIONS, NOT THOSE OF A JUDGE. WHETHER HIS RULING IS ON MOTIONS FOR SUMMARY JUDGEMENTS (S.J.) OR DIRECTED VERDICTS, EVIDENCE OF THE NON-MOVANT (APPELLANT), IS TO BE BELIEVED ALL JUSTIFIABLE INFERENCES, ARE TO BE DRAWN IN HIS FAVOR.

THEREFORE, JUDGE MERY'S GRANTING APPELLEE'S S.J. IN REM MOTION, CLEARLY, DENIES APPELLANT A DUE PROCESS TO A TRIAL BY A JURY, IN VIOLATION OF TEXAS R. CIV. PRO. 216, 217, 218, TEX. CONST. ART. 15 RIGHT TO JURY, 19; U.S. CONST. 4th, 5th, 6th, 7th, 8th AND 14th AMENDMENTS.

THIS, ALSO CLEARLY DENIES APPELLANT, HIS 5th AMENDMENT RIGHT TO LIBERTY TO HIS HOME BY TEXAS HOMESTEAD LAWS, THAT BY ORDERING FORECLOSURE ACTION ON OCTOBER 07, 2015, DENY DENIES APPELLANT DUE COURSE OF LAW TO HIS HOME BY DENIAL OF TEXAS HOMESTEAD LAWS PROPERTY CODES 41.001 (a)(b)(c), 42.001 (a)(b)(c) 51.001, 52.001, PROBATE CODES 38, 39, 58, 59, 245, 246, 270, 271, 281, 282, 450, 460, TEXAS CONST. ART. 16 § 1, 9, 11, 50, 51, 52.

JUDGE MERY'S DECISION ON OCTOBER 07, 2015, IS ALSO CLEARLY CONTRARY TO THE DECISIONS RENDERED BY JUDGE RICHARD PRICE, ON JULY 11, 2013 AND AUGUST 28, 2013 SEE RECORD FILE, THAT SINCE THE PASSAGE OF TIME FROM THOSE RULINGS ON 07/11/2013 AND 08/28/2013 TO 10/07/2015, SAID GRANTING OF APPELLEES IN SECOND IN REM S.J. ON 10/07/2015 IS CLEARLY CONTRARY TO TEXAS LAW CONCERNING THE 75 DAYS PLUS 30 DAYS OPERATION OF LAW; COLLATERAL ESTOPPEL AND JUDICIAL ESTOPPEL DEEPLY ROOT ROOTED IN THE 5th AMEND's DOUBLE JEOPARDY CLAUSE. SEE HAUSLER, GUTIERREZ, MORROW VS. HEB INC. 714 S.W.2d 297, AN APPELLATE COURT MAY SET ASIDE TRIAL COURT'S DETERMINATION IF IT FINDS THAT THE TRIAL COURT ABUSED ITS DISCRETION WITHOUT ANY REFERENCE TO GUIDING RULES AND PRINCIPLES, THE REQUIREMENTS OF TEX. R. CIV. PRO. 166.b (4)(6) 166b, TO WHICH MAY NO LONGER BE A CONTROLLING CASE. SEE ATASCOSA COUNTY APPRAISAL DIST. VS. TYMRAK, 815 S.W.2d 364 #1 '2 NEW TRIAL, #5 APPEAL + ERROR, TRIAL COURT ABUSES ITS DISCRETION WHEN IT REACHES A DECISION SO ARBITRARY + UNREASONABLE, CLEAR PREJUDICIAL ERROR OF LAW.

17

## Summary of Arguments (cont)

Ground Three (cont) see page 4, Concerning Judicial Estoppel see 121 S.ct. 1808; Collateral Estoppel since the passage of time from July 11, 2013 + August 28, 2013 see Allen vs. McCurry 101 S.ct 411; 104 S.ct. 892; Kremer vs. Chemical Corp. 102 S.ct 1883; Fullerton vs State Farm Insurance 118 F.3d 374; Bensley vs. U.S. 491 F2d 657 McCoy vs. Hernandez 203 F.3d 261; U.S. vs. Reyes 18 F.3d 65; U.S. vs. Shaubaum 10 F.3d 305.

See also Robbins vs. HNG Oil Co. 876 S.W.2d 351; Meeks vs. State 653 S.W.2d 6; Dedrick vs. State 623 S.W.2d 332; In Re Piper 105 S.W.3d 107 Judge's Ministerial Duty to Act, Ministerial Duty, and USA Custom Paint and Body Shop vs. Stewart 856 S.W.2d 227, In Re S.A.P. 169 S.W. 3d. 685; Ex Parte Barlow 899 S.W.2d 791 on October 07, 2015 Trial Court was without Jurisdiction due to the Passage of time, that as raised under Appellant's Claims of Judicial and Collateral Estoppel Issue and Claim Preclusion, under 5th Amend.'s Double Jeopardy Clause. See Chandler vs. Gutierrez 906 S.W.2d 195 Procedural Due Process Guarantees Fed. Const. Notice and Meaningful Opportunity to be Heard.

Judge Mery, did not place me under oath when asked, Judge said "We are not hearing any evidence" thus a willful and conscience denial to Freedom of Speech, as well as the entire hearing on October 07, 2015, denial to 1st Amendment.

The denial to hear the Law Last Will & Testament, either in the past or October 07, 2015 under Dominant Jurisdiction, see In Re Cornyn 27 S.W. 3d 327, the Trial Court still had Plenary Power to Probate the Will and set aside Homestead Property.

Under Life Estate, the use and Benefit of Property Bequeathed, Constitutes a Life Estate, Medlin vs. Medlin 203 S.W.2d 635.

It is rather difficult to Grasp, the sheer magnatude of Civil Rights Denial in a Matter of Minutes, or a decision Rendered on October 07, 2015 by Judge Mery. Additional Probate Code: 442, 448, 449.

Ground Four: see page 5 Concerning Judge Price's Rulings on July 11, 2013 and August 28, 2013 should have Precluded the Hearing on October 07, 2015 for a second In Rem S.J. Motion, should have never took place, due to the Expiration of the 75 days plus 30 days under Operation of Law, see 815 S.W.2d 364 on Plenary Power Atascosa County Appraisial Dist. vs. Tymrak, see Philbrook vs. Berry 683 S.W.2d 378, 379; Clark and Co. vs. Giles 639 S.W.2d 445, 450 and the Claims of Judicial, Collateral Estoppel, Issue and Claim Preclusion as Raised in Ground Three. Due to the Issues Decided Already on July 11, 2013 and August 28, 2013.

Thus, by law, the Judicial Order on October 07, 2015 Granting Appellees' Second In Rem S.J. Motion, Creates an Unenforceable Lien. See In Re Henderson 18 F.3d 1305; In Matter of Moody 862 F.2d 1194 and Bankruptcy Code Title 11 USCA § 522 (a)(1)(2)(b); In Re Schott 449 B.R. 697 In San Antonio Texas U.S. Bankr.ct. # 10-54276

18.

## SUMMARY OF ARGUMENTS. (CONT)

GROUND FIVE: SEE PAGE 5 CONCERNING HOW JUDGE PRICE'S ORDERS ON JULY 11, 2013 AND AUGUST 28, 2013 SHOULD BE CONSIDERED FINAL JUDGEMENTS UNDER FEDERAL SEPERATE DOCUMENT DOCTRINE, SEE 929 F.2d. 1015, 109 S.CT. 1976 SEPERATE DOCUMENT REQUIREMENT 28 USCA 1292. THE DATES OF LETTERS OF NOTICE OF ACCELLERATION ON JULY 2010 AND THE FILING OF APPELLEES' ORIGINAL PETITION FOR FORECLOSURE ON AUGUST 31, 2010, AS WELL AS THE JULY 11, 2013 AND THE AUGUST 28, 2013 DECISIONS, CULMINATING WITH THE DECISION ON OCTOBER-07, 2015 BRINGS SOME CONCERNS, THAT VERY WELL IMPARTS NO JURISDICTION UPON THE TRIAL COURT. HOW SO? FIRST, FROM THE DATE OF ACCRUAL OF JULY 26, 2010 NOTICE LETTERS, AND THE AUGUST 31, 2010 FILING OF APPELLEES' ORIGINAL PETITION, AS TO THE DATE OF OCTOBER 07, 2015 IS BEYOND THE TWO YEAR STATUTE OF LIMITATIONS. SEE TEXAS CIV. PRAC. & REM. 16.003 (a) (WEST SUPP 2014); SEE NICKERSON VS. TDCJ-ID, NO. 09-10-00091-CV 2011 WL 2732605; SEE ALSO PRADO VS. CITY OF FREDRICKSBURG POLICE DEPT. NO. 04-10-00565-CV, 2011 WL 1158368; SEE ALSO NICKERSON 2011 WL 2732605; SEE PRADO, 2011 WL 1158368; ANY LEGAL PROCEEDING ON OCTOBER 07, 2015 WAS WITHOUT ANY LEGAL SUBSTANCE, DUE TO NO JURISDICTION, DUE TO BEING BEYOND THE TWO YEAR STATUTE OF LIMITATION.

NEXT, UNDER THE TIME PASSAGE OF DATE OF ACCRUAL ON JULY 26, 2010 OR THE FILING OF ORIGINAL PETITION FOR FORECLOSURE ON AUGUST 31, 2010 TO THE DATE OF OCTOBER 07, 2015'S GRANTING OF APPELLEES' SECOND MOTION FOR IN REM S.J, IS BEYOND THE FOUR YEAR STATUTE OF LIMITATION FOUND IN TEXAS CIV. PRAC. & REM. 16.035 (b), SEE U.S. VS. BLAKEMAN 997 F.2d 1084 #5 TEXAS LAW RECOGNIZES BOTH RURAL AND URBAN HOMESTEADS ONCE ESTABLISHED IS PRESUMED TO CONTINUE. ART. 16 §51; 440 S.W.3d. 562 HOLY CROSS; IN RE ORTEGON BANKRUPTCY W.D. 2008 398 B.R. 431; HOLY CROSS 440 S.W. 3d. 10 BIEDRUCK VS. U.S. BANK NAT. ASSOC. 2015 TEX. APP. 4794; USING KHAN VS. GBAK PROP. INC. 371 S.W.3d 347; THUS THIS FACT ISSUE, PRECLUDES S.J. AS TO THE TIMELINESS OF FORECLOSURE ACTION UNDER CIV. PRAC. & REM. 16.035 SIM VS. CARRINGTON MORT. 440 S.W.3d 10; CORRECTION ON HOLY CROSS ABOVE IS 44 S.W.3d. 562.

GROUND SIX: SEE PAGE 5, THE APPELLEES DID NOT PROVE THAT APPELLANT DID NOT LOSE HIS INTEREST TO HIS HOME OR THAT APPELLANT ABANDONED HIS HOME OR INTREST IN HIS HOME, WHILE APPELLANT MAY ENCOUNTER DIFFICULTY IN DOING HIS BEST IN KEEPING UP WITH HIS HOME FROM PRISON, THIS NEVER BECAME AN ISSUE IN THIS PROCEEDING, STILL TO KEEP MY HOME IS MY RIGHT BY TEXAS LAW, HOMESTEAD EXEMPTION LAW, AND SHOULD MY HOME BECOME AN ISSUE SUCH AS TAXES, THIS SHOULD HAVE BEEN RESOLVED BY APPELLANT'S FILING OF DESIGNATION OF HOMESTEAD / EXEMPTIONS WITH THE SECRETARY OF TEXAS ON 02/13/2013 WHO SENT DOCUMENTATION TO DEPUTY CLERK MARIE AT GERRY RICKHOFF'S OFFICE. AND AS SUCH, IT IS APPELLANT'S RIGHT TO RENT, USE, OCCUPY, AND SELL HIS HOME IF PUSH COME TO SHOVE. AS LONG AS I AM PENDING APPEAL

19.

## SUMMARY OF ARGUMENT, (cont.)

Ground Six (cont): That as long as Appellant has an Appeal under review, under cause No. 14-9691 U.S. Supreme Court rehearing process, and has the lawful opportunity to reclaim damages from the Appellees and having won the right by jury, to be awarded a return of money paid by Mrs. Rodarte to Appellees to an illegal and fraudulent loan contract, the eyesore and maintaining of Appellant's home, would also, not be in such disrepair due to the fact, that Appellees and other interested parties, by the delay of this proceeding, by not allowing probating of will, not quieting title, by not allowing this cause of action to proceed to a jury trial, setting on jury docket, allowing a class action to materialize, has kept Appellant at bay, in another manner, that would allow a positive cash flow.

Appellant has had many offers to sell his property, but this is not an avenue that Appellant wants to take, but to come to his rightful home. See Texas Const. Art. 16 § 9, Union National Insurance Vs. Olson, 920 S.W.2d. 458

This is a case of predatory lending, that under Texas law, the Appellees, failed to disprove Appellants allegations that there was no type of coverage on the loan contract, except for fire, hazzard coverage on the property, which would clearly show to any jury, that Appellees interests, were not of payment, but to collect as many payments as long as Mrs. Rodarte lived to pay, before she would no longer be able to, and get the house.

If Appellant did not care, nor even bother writing this brief, Appellant, would have simply sold his home, for a great loss, for what, just some money in his inmate trust fund account? It is the principle of the matter, to which a lot of people, have lost sight and knowledge of. This another reason for a jury trial, Appellees knew good and well, they would not have stood a chance in a jury trial, they had help in avoiding this aspect, otherwise, why was law allowed, that forecloses on a home, yet law that exempts a home, from a creditor's claim, seizure and selling? What would a jury think? This would now implicate a violation of equal protection of the law, by a due process right to Texas Homestead law.

20.

## SUMMARY OF ARGUMENTS, (CONT)

GROUND SIX (CONT): APPELLEES, FAILED TO DISPROVE APPELLANT'S RIGHTFUL HOMESTEAD EXEMPTION RIGHT TO HIS HOME UNDER TEXAS LAW - SEE TEXAS LAW ALREADY APPLIED, TO INCLUDE TEXAS CIV. PRAC + REM. CHAP. 12, 12.003 (a)(7)(8); CHAP. 9 INSURANCE CODE, TO WHICH IS NOT AD AVAILABLE ON THIS UNIT; CIV. PRAC + REM. 12.002 (a); PENAL CODE 37.01 (3)(B)(C)(b). IF APPLICABLE, GOV. CODE 51.901 (c), 51.902; CIV. PRAC + REM. 121.007; SEE HOUSTON VS. GUTHRIE, 332 S.W. 3d 578; HAHN VS. LOVE 321 S.W. 3d 517 PE APPELLEES CAUSE OF ACTION AND "NOTE" ARE A HINDERANCE AND CLOUD ON APPELLANT'S TITLE TO PROPERTY, 7418 PIPE SPRING SAN ANTONIO, TEXAS SEE ALSO TEXAS CONST. ART. 16 § 50 (d); TITLE 11 USCA § 522(A) (1)(2), EVEN IF A JUDGEMENT LIEN WOULD ATTACH, IT WOULD BE UNENFORCEABLE DUE TO THE PROTECTIONS OF HOMESTEAD LAWS OF TEXAS, SEE IN RE CADENGO 370 B.R. 681 MRS. RODARTE'S HOME / APPELLANTS HOME WAS A HOMESTEAD WHEN APPELLEES DREW UP CONTRACT (S) IN 2005 + 2006, AGAIN WITHOUT AN AGREEMENT BETWEEN APPELLEES + MRS. RODARTE, THAT 7418 PIPE SPRING WAS HER HOMESTEAD, AS FOUND I ART. 16 § 50 SUBSECTIONS, THAT CONTRACT'S ONLY PROVISIONAL LANGUAGE CONCERNING A HOMESTEAD, WAS FOR AN AGRICULTURAL HOMESTEAD, WHICH WOULD NOT HAVE BEEN ALLOWED UNDER CITY ORDINANCE, TO HAVE COWS ON PROPERTY, THUS, A CONTRACT BETTER SUITED FOR A RURAL HOMESTEAD, NOT AN URBAN HOMESTEAD. THUS, THERE WAS NO LAWFUL PROVISION INFORMING MRS. RODARTE TO ACKNOWLEDGE CORRECTLY OR BY LAW, TO HAVE A WRITTEN AGREEMENT AS TO HOMESTEAD STATUS, THUS CONTRACT IS, OR WAS COMPLIANT AS TO TEXAS LAW. APPELLANT, CANNOT, APPLY THE CORRECT TEXAS BUS. AND COMM., AND UNIFORM COMMERCIAL CODES CONCERNING FRAUD AND CONTRACTS, BUT DECEPTIVE TRADES AND PRACTICES ACT SHOULD ALSO APPLY.

UNDER THE FOLLOWING CASE LAW, APPELLEES, FAILED TO DISPROVE TEXAS LAW ALREADY APPLIED BY APPELLANT, PROVING THAT 7418 PIPE SPRING IS APPELLANTS HOME UNDER TEXAS HOMESTEAD EXEMPTION, FAILED TO EVEN ATTEMPT TO SEIZE MRS. RODARTE'S NON-EXEMPT PROPERTY, APPELLEES, FAILED TO DISPROVE, THAT 7418 PIPE SPRING FULLY VEST FREE AND CLEAR OF APPELLEES' CLAIMS OR LIEN (S), AS FOUND IN HUELSEBUSH VS. ROEYGSH 141 S.W. 2d 732, 14 S.W. 3d 3d 426, UNION NAT. INS. VS. OLSON 920 S.W. 2d 458; PROBATE CODE 450 (3); 65 S.W. 3rd 289; 935 S.W. 2d 924; TERRY VS. TERRY 39 TEX. 313; MAYMAN VS. REDWIRE 47 TEX. 357; MCLANE VS. PASCHAL 47 TEX. 370; ZWERNEMANN VS. VON ROSENBURG 76 TEX. 522; 13 S.W. 485; TOMKINS VS. HOOKER 200 S.W. 193; WADE VS. SCOTT 145 S.W. 675, SEE PAGES OF NOTICE OF APPEAL, 3, 4, 5 FOR CONTINUED APPLICATION FOR THIS SEGMENT ALSO.

21.

## SUMMARY OF ARGUMENT, (CONT.)

GROUND SEVEN: SEE PAGE 5, THAT FOR THE VIOLATIONS BY APPELLEES, IN UNDERWRITING SUCH A LOAN CONTRACT WITHOUT ANY REFERENCE AS TO WHAT EXACT INSURANCE COVERAGE WAS TO BE STIPULATED BETWEEN APPELLEES AND MRS. RODARTE, OTHER THAN FIRE AND HAZZARD COVERAGE IS COVERAGE ON JUST THE PROPERTY, IS SET TO CHANGE DUE TO THE LANGUAGE SET FORTH BY CONTRACT, APPEARS THAT APPELLEES CAN ADD ADDITIONAL COVERAGE UNDER AN ASSUMPTION AFTER A DEEMED 30 DAYS THE LAPSING OF ASSUMED COVERAGE; THAT UNDER TEXAS LAW, APPELLEES MUST INSURE THE LOAN WITH INSURANCE COVERAGE, OTHER THAN FIRE AND HAZZARD ON THE PROPERTY, AS FOUND IN TEXAS FINANCE CODE, THAT ARE NO LONGER AVAILABLE AT THE CLEMENTS UNIT SINCE ABOUT LATE 2010. TEXAS FINANCE CODE AS FOLLOWS: §4.052 CONSUMER LOANS, AN EXPENSE CHARGED A BORROWER (BUT NOT REFLECTED ON THE CONTRACT), A BORROWER (MRS. RODARTE) MUST BE: (A) NECESSARY AND PROPER FOR THE PROTECTION OF THE LENDER, AND (B) ACTUALLY INCURRED IN CONNECTION WITH MAKING THE LOAN. FINANCE CODE 94.151 ADVANCES PAID BY SAVINGS BANK, APPELLEES ARE NO DIFFERENT, (a) A SAVINGS BANK MAY PAY TAXES, ASSESSMENTS, INSURANCE PREMIUMS AND SINGULAR CHARGES FOR THE PROTECTION OF THE SAVINGS BANK INTERESTS IN PROPERTY THAT SECURES A REAL PROPERTY LOAN OF THE SAVINGS BANK. SHALL KEEP RECORDS OF THE STATUS OF TAXES, ASSESSMENTS, PREMIUMS PAID, ETC. SEE CODE 201.101. WHEN APPELLANT REQUESTED DISCOVERY OF APPELLEES' RECORDS TO THIS EFFECT, DISCOVERY REQUESTS WERE NOT ANSWERED FULLY, JUST FOR THE PRODUCTION OF THE SAME. ACCELERATION LETTERS, 2006 LOAN CONTRACT AND WHO VERIFIED CUSTODY OF SAME DOCUMENTS, SAME OR "NEW" BANKS, TRUSTEES, ETC. IT IS, THESE RECORDS, TO TO INCLUDE A SHOWING OF PAYMENTS BY APPELLEES OF ASSESSMENTS, PREMIUMS, AND FOR WHAT, SINGULAR CHARGES, AS PER BANK SECRECY ACT, TEXAS AND FEDERAL TRUTH IN LENDING ACT, MUST BE DISCLOSED. SEE APPLICABLE FINANCE CODE: 181.305, 182.405 FEDERAL DEPOSITORS INSURANCE CORP (FDIC), THAT, WHEN A LOAN CONTRACT IS TRANSFERRED TO OR SOLD TO A "NEW" SUCCESSOR OR ASSIGN OF BENEFICIAL TEXAS INC.: HSBC BANK, U.S. BANK TRUST N.A.: THE CONTRACT OF THIS ACTION, BECOMES A "NOTE", BECOMES A "DEPOSIT" THUS INSURABLE UNDER FDIC, POSSIBLE AB APPLICATION OF TITLE 12 USCA § 5146? COUPLED WITH VERIFIABLE EVIDENCE OF MRS. RODARTE'S DEATH, SAID "UNKNOWN" INSURANCE UNDERWRITING BY APPELLEES ONCE A "NOTE" CHANGES "HANDS". NO LONGER SUBJECT TO TRUTH IN LENDING CLAUSES OR "ACT". APPELLEES CAN UNDERWRITE AT WILL. SEE FINANCE CODE 31.305, 34.101 AND 15 USC § 78c(a), SEE ALSO INVESTMENT SECURITIES, ISSUED OR GUARANTEED BY THE FEDERAL HOME LOAN MORTGAGE CORP., FEDERAL NATIONAL MORTGAGE ASSOC., GOVERNMENT NATIONAL MORTGAGE ASSOC.

22.

## Summary of Arguments, (cont.)

Ground Seven (cont.): Continuing with applicable finance codes that should have paid-off appellees' advances paid or loaned to Mrs. Roxarte upon her death, regardless of the protections already in place under Texas law, by homestead exemption, finance insurance, probate, property codes, U.C.C., federal laws. That this latest attempt by appellees to seize and sell appellant's home is a fraudulent attempt, by using the courts, to convert 7418 Pipe Spring into "a trophy" an additional prize so to speak, by making an otherwise illegal foreclosure proceeding appear as legal in a court of law.

Additional Finance Code: 34.104, 34.102, 34.105, 34.203, Right of Set Off (a) Except as otherwise provided by the Truth In Lending Act, 15 USC, 1601 or, other federal law, a bank has a right of set off without further agreement or action against all accounts owned by a depositor to whom or on whose behalf the bank has made an advance of money by loan. So question here is, where is the appellees set off when it concerns Mrs. Roxarte? Or appellant's property? Nowhere, they just want to take property by "legal force" and the law, Texas Law is clear, that this cannot be done. Another reason appellees steered clear of a jury proceeding and cause of action was never place on jury docket as requested by appellant, why? Question for a jury to decide?

More Finance Code for thought 34.301, 34.304 (a)(b)(c)(d) 34.306, 34.307, Right of Set Off.

A bank may require a borrower to pay all reasonable expenses and fees incurred with connection of the making and closing of the loan. This means an escrow account, to which fees, servicing fees are already included in payment and closing costs. That said insurance premiums are already added to be used when appellees deem, that there has been a lapse by Mrs. Roxarte, I'm not knowingly maintaining other types of insurance. Why? So that appellees could underwrite insurance coverage that would exceed the amount of the principle and interest, and if this were not to be the case, then on the P + I of the loan, fees and charges added unto loan, thus increasing the amount of loan and its expenses. Next question here is, if Texas and federal homestead exemption laws are in place, and insurance and finance codes protect appellees and Mrs. Roxarte, appellant, free from the claims of appellees, then why was a foreclosure action even allowed in a Texas court of law or equity? Thus another question for a jury, and wouldn't they want to know.

23.

## SUMMARY OF ARGUMENT, (CONT)

GROUND SEVEN (CONT): CONTINUING WITH FINANCE CODE: 156.304, 157.002 (2)(ii), 157.007, 31.002 (15)(A)(i)(ii)(a)(20)(21)(B)(32)(34), AND 31.005.

APPLICABLE INSURANCE CODES: 423.104, 424.053(a), 424.064 (a)(d), 424.070, 424.066, 424.056, 424.057, 424.060, 424.064 (a)(b)(2)(d), 424.066 (a)(b)(c)(d), 424.101 (A)(B)(C) 3 (A)(B)(C).

THE ABOVE STATED INSURANCE CODES, WOULD SHOW HOW FINANCIAL INSTITUTIONS UNDERWRITE DEPOSITS, ASSETS, NOTES, INSTRUMENTS, EVIDENCE OF INDEBTEDNESS, LOANS ON REAL PROPERTY, ETC.

IT IS THIS APPLICATION OF INSURANCE CODE, THAT APPELLEES MUST FOLLOW BY TEXAS LAW, THAT SHOULD HAVE INSURED ANY AND ALL MONEY ADVANCES TO MRS. RODARTE BY APPELLEES, THAT SHOULD ALSO LEAVE APPELLANT'S HOME IN THE CLEAR. THE APPLICATION OF TEXAS FINANCE AND INSURANCE CODES, WERE NOT DISPROVED BY APPELLEES, SHOULD HAVE BEEN CONSIDERED BOTH BY A JUDGE, AND BY JURY.

GROUND EIGHT: SEE PAGE 6, JUDGE MERY, FAILED TO PLACE APPELLANT UNDER OATH ON OCTOBER 07, 2015, "SAYING THAT HE DID NOT HAVE TO, SINCE HE WAS NOT HEARING ANY EVIDENCE." THIS VIOLATES A FEW LEGAL GROUNDS OF LAW. FIRST, IT DENIES APPELLANT THE RIGHT TO EVEN OFFER EVIDENTIARY TESTIMONY, TO WHICH, UNDER R. 166a(a) BY NON-MOVANT APPELLANT SHOULD HAVE BEEN CONSIDERED AS TRUE, AND JUDGE MERY SHOULD HAVE DISMISSED APPELLEES' SECOND IN REM S.J. MOTION.

NEXT, THIS DENIED APPELLANT A FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH, DENIED DUE PROCESS RIGHT BY THE 14th AMENDMENT, TO HAVE THE COURT IMPOSE JURISDICTION UPON APPELLANT, TO RIGHTFULLY APPEAR IN COURT AND BE HEARD, AS WELL AS HEARING APPELLANT'S COUNTER-MOTIONS, AND CONTINUANCE. THIS IS APPARENT FROM THE RECORD ON 10/07/2015 AND APPLICABLE LAW, RIGHT TO BE HEARD.

WHEN COUNSEL FOR APPELLEES, STATED THAT HE WAS GOING TO "HIGHLIGHT" SOMETHING, APPELLANT ASKED IF HE COULD KNOW WHAT WAS BEING HIGHLIGHTED, JUDGE MERY WAS VERY ADAMENT ON NOT DISCLOSING SAID INQUIRY, THIS IS WHY APPELLANT, TESTIFIED AS TO JUST THE CAUSE NO. OF 2005-CI-18884, APPEAL NO. 04-15-00012-CV IN THIS COURT, SIMPLY BECAUSE OF HOW JUDGE MERY DENIED APPELLANT THEN TO DUE PROCESS RIGHT TO HAVE A BILL OF REVIEW ISSUES BEFORE A JURY, THIS WAS DONE TO OFFER INSIGHT, AS TO JUDGE MERY'S DENIAL TO DO A MINISTERIAL AND FIDUCIARY DUTIES FOR APPELLANT ON OCTOBER 07, 2015, A DENIAL TO ACCESS TO COURTS, RIGHT TO BE HEARD, DENIAL OF DUE PROCESS, TO DISMISS APPELLEES' ACTION, UNDER JUDICIAL AND COLLATERAL ESTOPPEL. THE SAME GOES FOR ISSUE AND CLAIM PRECLUSION, A 5th AMENDMENT'S DOUBLE JEOPARDY CLAUSE VIOLATION, THUS TAKING APPELLANT'S HOME, CONTRARY TO THE 5th & 14th AMENDMENTS.

GROUND NINE: SEE PAGE 6, IT'S SELF EXPLANATORY AS TO ORIGINALLY WRITTEN.

AS OF THIS WRITING ON 10/29/2015, TO BE MAILED ON 10/30/2015 CONT,

24.

## SUMMARY OF ARGUMENTS (CONT.)

FROM THE END OF GROUND NINE, THIS COMPLETION OF APPELLANT'S APPEAL BRIEF (MY BRIEF) JUST NEEDS ME TO COMPLETE TABLE OF AUTHORITIES AND THEIR LOCATIONS OF THIS BRIEF, AND TO NUMBER THE PAGES, SHOULD BE ACCOMPLISHED ON THIS OCTOBER 29, 2015. AS OF RIGHT NOW, IT IS 2:46 PM.

NOW, TO ADD TO MY STATEMENT OF GRAVE IMPORTANCE, I SUBMITTED FOR A SIX MONTH TRUST FUND PRINTOUT, TO WHICH SHOULD HAVE BEEN INCLUDED WITH MY NOTICE OF APPEAL, TO WHICH THIS COURT HAS ISSUED AND DOCKETED THIS APPEAL, AS # 04-15-00647-CV, TO WHICH I HAVE MODIFIED A PREVIOUS COPY OF A LISTING OF ALL INDIGENTLY FILED ACTIONS BY ME, PURSUANT TO CIV. PRAC. & REM. CHAP. 14, AND THIS COURT'S ORDER ON OCTOBER 23, 2015 BY HONORABLE JUSTICE PATRICIA O. ALVAREZ.

ANOTHER SERIOUS PROBLEM I HAVE WITH THIS UNIT, AS DO OTHER INMATES, IS THE ISSUANCE OF INDIGENT FOR LEGAL MAILING + FILING PURPOSES. IT IS REQUESTED THAT THIS COURT TAKE AND PLACE THE CLEMENTS UNIT LAW LIBRARY STAFF, WHO ARE IN CHARGE OF ISSUING SUPPLIES FOR THE MAILING AND COMPLETION OF LEGAL WORKS, UNDER NOTICE, THAT EVEN WHEN I "JUSTIFY" MY NEED FOR ADDITIONAL LEGAL MAILING AND FILING SUPPLIES, PENS, MORE THAN THE 25 SHEETS OF PAPER ALLOWED WITHOUT ADDITIONAL JUSTIFICATION, 5 SHEETS OF CARBON PAPER, ENVELOPES, AND TRUST FUND PRINTOUTS, CAUSE FRUSTRATION, CAUSES FOR UNDUE STRESS, THAT TIMELY NEEDED FILINGS REQUIRED BY THE COURTS, IS IGNORED WILLFULLY BY LAW LIBRARY STAFF, TO INCLUDE THE OPENING OF LEGAL MAIL, TO LOSING SUCH LEGAL OUTGOING INMATE MAIL, THAT SAID LAW LIBRARY STAFF HAS BEEN SUBJECT TO INMATE GRIEVANCE PROCEDURES TO NO AVAIL, TO INCLUDE LEGAL ACTION.

THE LAW LIBRARY HERE, DOES NOT FOLLOW STATE OR FEDERAL ACCESS TO COURTS GUIDELINES, TEXAS ANNOTATED CODE U.C.C., PROBATE, F.INMATE, INSURANCE, ADMINISTRATIVE, HEALTH AND WELFARE, BUS. AND COMMERCE CODE BOOKS, THAT JUST BECAUSE A PERSON WAS SUBJECTED TO A CRIMINAL PROCEEDING AND CONFINEMENT, A PERSON'S OTHER LIFE OBLIGATIONS DID NOT STOP OR END.

THESE CODES, AMONG OTHER CODES AND FEDERAL CODES THAT ARE NECESSARY, ARE NOT AVAILABLE. HOLDINGS LISTS DO NOT HAVE A SUPERVISOR'S SIGNATURE, AND THE CASE LAW, CODE BOOKS ARE ALL TWO TO THREE YEARS OLD, INCLUDING THE POCKET PACKET PAMPHLETS. ONLY THE STATE + FEDERAL RULES OF COURT, CODE OF CRIMINAL PROCEDURE ARE CURRENT. WE CANNOT ACCESS WEST LAW INDEXED CASES, ONLY LEXIS. PLEASE, SOMETHING MUST BE DONE. I PRAY THAT THIS WILL GO OUT ON 10/30/2015 ⟨signature⟩ SIGNED ON 10/29/2015

## APPENDIX

EXHIBIT 1 : COPY OF U.S.D.C. SAN ANTONIO DIVISION ORDER OF REFERRAL TO MAGISTRATE JUDGE, BY U.S. CHIEF DIST. JUDGE FRED BIERY, CONCERNING REMOVAL OF ACTION FROM 166th JUDICIAL DIST. CT. # 2010-CI-14597 TO U.S.DC.

EXHIBIT 2 : COPY OF MODIFIED CIV. PRAC + REM. CHAP. 14 LISTING ALL INDIGENT FILINGS, AS PER THIS COURT'S ORDER ON 10/23/2015. HOPEFULLY TO BE ACCOMPANIED WITH SIX MONTH TRUST FUND PRINTOUT, REQUESTED ON 10/29/2015 FOR 10/30/2015

EXHIBIT 3 : COPY OF APPELLANT'S ORIGINAL PETITION FOR LAWSUIT AGAINST NEW SUCCESSOR, ASSIGN : CALIBER HOME LOANS OUT OF OKLAHOMA CITY, OK, WHICH WAS NEVER ACKNOWLEDGE BY BEXAR COUNTY DIST. CLERK'S OFFICE, SENT MARCH 16, 2015, WHICH CANNOT BE VERIFIED, EVEN THOUGH LOGGED AS LEGAL MAIL BY UNIT'S MAIL ROOM, ITS TOO OLD TO VERIFY. SEE ENCLOSED I-60 REQUEST FORM TO UNIT MAILROOM.

EXHIBIT 4 : ORIGINAL STEP ONE GRIEVANCE # 2016021258 ; COPY OF LATEST STEP ONE CONCERNING THE SAME DENIAL ISSUES TO SUPPLIES. WHO IS RIGHT ON THIS, INMATE ? OR TDCJ STAFF ? WITHOUT A PROPER INVESTAGATION AND REVIEW OF SUBMITTED REQUEST FORMS, THIS COURT WILL NEVER KNOW HE WHO IS THE LIAR.! COPY OF AN UNSIGNED OR DATED LIST FORM USED BY LAW LIBRARY STAFF, DENOTING AS TO WHY SUPPLIES WERE NOT ISSUED. UNSIGNED AND UNDATED, IS TOO VAGUE, FOR CORRECT ASSESS- MENT BY ANYONE THAT MIGHT INVESTIGATE. ONCE AGAIN WE WILL SEE IF THIS BRIEF GOES OUT ON 10/30/2015 AS PLANNED, OR CHANGE BY TDCJ STAFF. AS OF 10/29/2015, 5:11 PM I HAVE NOT RECEIVED A RESPONSE FROM THIS COURT ON 04-15-00012-CV DID RECEIVE OF CONCERNING 04-14-00922-CV BOTH HEARD ON ⎯⎯⎯⎯→ 10/07/2015

26.

## TABLE OF AUTHORITIES

U.S. Const. 1st 4th, 5th, 6th, 7th, 8th, 14th Amendments; ——— 6,14,17,7,18   19,20,24

Texas Const. Art. 1 § 9, 11, 13, 19; Art. 16 § 1, 9, 11, 28, 29;
48, 49, 50 + listed provisions; 51, 52 ——— 3,4,5,7,8,10
13,14,15,16,17,6

U.S. Federal Codes, Statute 11 USCA § 522 (f)(1)(2)(b); Title 12 USCA;
15 USC § 78c (a); 1601; Title 28 USCA § 1292 ——— 5,18,19,22, 23

Texas Rules Civ. Pro. 166a(c), 216, 217, 218, 736.11 (a)(b);
Texas Probate Code, Property Code ——— 3,14,15,17,24,13   18,
Texas Government Code, Civil Practices + Remedies; Penal Code
Texas Bus. + Com. Code, Finance Insurance Code ——— 7,8,19,21,22,23,24,14

### U.S. Supreme Court Cases

Allen vs. McCurry 101 S.Ct. 411; Anderson vs. Liberty
106 S.Ct. 2501; Kremer vs. Chemical Corp. 102 S.Ct. 1883;
121 S.Ct. 1808; 104 S.Ct. 892 ——— 13,14,17,18,

### U.S. Court of Appeals Cases

529 F.3d. 548; Beasley vs. U.S. 491 F.2d. 697;
Biedryck vs. U.S. Bank Nat. Assoc. 2015 Tex. App. 4794;
Fullerton vs. State Farm Insurance 118 F.3d. 374;
In Re Henderson 18 F.3d. 1305; Matter of Moody
862 F.2d 1194; McCoy vs. Hernandez 203 F.3d 261;
U.S. vs. Blakeman 997 F.2d 1084; U.S. vs. Reyes
18 F.3d. 65; U.S. vs. Shraubaum 10 F.3d. 305 ——— 17,18,19

### U.S. Bankruptcy Court Cases

In Re Cadengo 370 B.R. 681; In Re Ortegon 398 B.R. 431;
In Re Schott 449 B.R. 697, # 10-54276 ——— 16,18

### Texas Cases

Atascosa County Appraisal Dist. vs. Tymrak 815 S.W.2d 364 ——— 17
Clark + Co. vs. Giles 639 S.W.2d. 445 ——— 18
Dedrick vs. State 623 S.W.2d. 332 ——— 18
Ex Parte Barlow 899 S.W.2d. 791 ——— 18
Hahn vs. Love 321 S.W.3d. 517 ——— 21
Houston vs. Guthrie 322 S.W.3d. 578 ——— 21
Huelsebush vs. Roeugsh 141 S.W.2d. 732 ——— 21
14 S.W.3d. 426; 65 S.W.3d. 289, 735 S.W.2d. 924 ——— 21
In Re Piper 105 S.W.3d. 107; In Re S.A.P. 169 S.W.3d. 685 ——— 18
In Re Cornyn 27 S.W.3d. 327 ——— 18
Khan vs. CBAK Prop. Inc. 371 S.W.3d. 347 ——— 18
Holy Cross 44 S.W.3d. 562 ——— 18
Nickerson vs. TDCJ-ID 2011 WL 2732005 ——— 18
Nowak vs. DAS Invest. Corp. 110 S.W.3d. 677 ——— 18
Mayman vs. Revire 47 Tex. 357 ——— 13,14,17,18
McLane vs. Paschal 47 Tex. 370 ——— 21
Meeks vs. State 653 S.W.2d. 6 ——— 21
——— 18

TEXAS CASES

MEDLIN Vs. MEDLIN 203 S.W. 3d. 635 _____ 18
MORROW Vs. HEB INC. 714 S.W. 2d 297 _____ 17
Philbrook Vs. BERRY 683 S.W. 2d. 378 _____ 18
POllARD Vs. HANSCHEN 315 S.W. 3d. 636 _____ 17
PRADO Vs. City OF FREDERICKSBURG P.O.
2011 WL 1158368 ; 04-10-00565-CV _____ 18
REYES Vs. STATE 82 S.W. 3d. 351 _____ 18
Robbins Vs. HNG OIL Co. 876 S.W. 2d 351 _____ 18
SIM Vs. CARRINGTON MORT. 440 S.W. 3d. 10 _____ 19
TERRY Vs. TERRY 39 TEX. 313 _____ 21
TOMPKINS Vs. HOOKER 200 S.W. 193 _____ 21
WADE Vs. SCOTT 145 S.W. 675 _____ 21
ZWERNEMANN Vs. VON ROSEBURG 76 TEX. 522 _____ 21
13 S.W. 485. _____ 21
APPELLANT'S 1995 DIVORCE # 1995-CI-05393 _____ 16

**\*\*** PLEASE EXCUSE THE QUALITY OF WORKMANSHIP, I HAVE HAD TO WORRY ABOUT MY HOME, MY FREEDOM, MY HEALTH, FAMILY, HONOR, MY INDIGENT SUPPLIES, TIMELINESS OF MY FILINGS TO U.S. SUPREME COURT, U.S. DIST. COURT IN SAN ANTONIO, TEXAS ; U.S. BANKRUPTCY COURT IN SAN ANTONIO, TEXAS, A NEW ORIGINAL PETITION FOR LAWSUIT AGAINST APPELLEES UNDER R. CIV. PRO. 736.11 AND HOW IMPORTANT MATTERS ARE TAKEN CARE OF AT THE CLEMENTS UNIT STAFF,

AS LONG AS I AM CLASSIFIED AN INMATE, I DO NOT EXPECT ANYONE TO TRUST OR BELIVE ME, BUT UPON A SERIOUS INVESTIGATION UPON THIS PLACE, ITS RECORDS, STAFF, THAT EVEN MAILINGS OF COMPLAINT TO U.S. DIST. COURTS, COURTS, U.S. JUSTICE DEPT., U.S. ATTORNEY GENERAL, GO EITHER UNANSWERED OR UNDELIVERED. SHOULD INDIFFERENCES CONTINUE HERE AT THE CLEMENTS UNIT, IT IS BECAUSE OUTGOING MAIL IS BEING INTERCEPTED AND ALTERED, OR THAT THE PEOPLE WHO SAY ENFORCE AND PROTECT BY SAID LAWS, SIMPLY LOOK THE OTHER WAY.

I COMPLETE MY BRIEF AT 11:32 pm 10/29/2015 ONLY TO GET SOME REST, TO PROCEED WITH MY REMOVAL ACTION, THERE IN S.A. AND PRAY THAT MY MAIL TO U.S. SUPREME, AS WELL AS THIS BRIEF GOES OUT ON 10/30/2015.

RESPECTFULLY YOURS,

J.R./jr
10/29/2015

28.

EYHIBIT I

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

*For Removal Action from the 166 Dist Ct. to U.S.D.C., in San Antonio*

John E. Rodarte, Sr.
#1263270 Clements Unit
9601 Spur 591
Amarillo  TX US  79107-9606

Case: 5:15-cv-00870
Instrument: 2
aej

Attention Attorney:

ELECTRONIC FILING IS NOW MANDATORY.

If you have not registered with the Court, then please visit our web site at www.txwd.uscourts.gov/CMECF to register for electronic filing and e-mail notification.

Attorneys admitted to practice in the Western District of Texas MUST register for electronic filing.

If you have not already done so, you should also register with the PACER Service Center as a PACER login and password is required to view documents and docket sheets.

You can register for a PACER account at: http://pacer.psc.uscourts.gov.

For Pro Se/Prisoner Filers:  you are not required to file electronically or register for e-mail notification; however, non-prisoner pro se litigants may petition the Court for permission to electronically file.

EVHIBT

16A

JOHN E. RODARTE SR. §
Affiant,Appellant, §
Movant,In Propia Persona §
§
VS Beneficial Texas Inc. Its §
Successors And Assigns et al §
BEXAR COUNTY,TEXAS,SHERIFF §
RALPH LOPEZ ET al §
Appellees §

IN THE COURT OF APPEALS

FOURTH COURT OF APPEALS

SAN ANTONIO,TEXAS

List of Cases As per this Courts Order 10/23/2015

### RESPONSE TO FOURTH COURT OF APPEALS ORDER
### MOTION TO WAIVE CHAP.14 DOCUMENTATION
### REQUIREMENTS,UNABLE TO COMPLY WITH
### FULL DOCUMENTATION,THAT CAN BE PROVIDED
### BY CLERKS OF THE RESPECTIVE COURTS
### QUESTION OF LAW

To The Honorable Court And Justices:

Now comes John E. Rodarte Sr.,in the above styled and numbered
cause of action. On this date of ~~March 04,2015~~ October 27,2015 completes this,his
document,and will show the following:

It is appellant's belief,that correct appeals brief has been
submitted to this court for the above civil action. Appellant,
maintains another civil action:John E. Rodarte Sr. Vs.TDFPS,cause
number 2010-CI-12625,4TH COA # 04-14-00922-CV,which would concern
the very same provisions set forth with this court's own orders
that appellant Rodarte Sr.,provide Civ.Prac.and Rem.Chap.14 doc-
umentation of other indignet court filings and court actions.
Therefore,appellant Rodarte Sr.,requests,for the suspension of
filing requirements for Appeal No.04-14-00922-CV as due by this
court by March 16th,2015 for Appeal No.04-15-00012-CV and March 23,
2015 for Appeal No.04-14-00922-CV,being that the very identical
requirements have been set forth by this court in both respective
appeals. Thus,such pleading requirements,are motioned by appellant
that they be waived,pursuant to T.R.A.P. Rule 2.

Appellant Rodarte Sr.,respectfully asks for leave of court,to allow
him to proceed in the best possible manner and fashion,that appellant
has come accustomed to,in that,appellant's pleadings,should be clear
and understandable. This is said as well,due to the fact that the
law library here at the Clements Unit,fails the parameters set by
The Access To Courts'rules and denies the appellant the necessary
legal material,to maintain a legal level playing field against the
appellees,who are afforded all of the legal material and legal assist-
ance,that the appellant does not have the luxury that the appellees
have at their disposal. This is violative of due process and equal
protection of the laws,guaranteed by the 14th Amendment.

Would No Include U.S.D.C, 00870 1. EXHIBIT 17A
San Antonio Div. # 5:15-CV-00870
Removal Action For 2010-CI-14599

Once again for clarity purposes,appellant Rodarte Sr.,wishes,that the application of the information provided herein,be applied as well to the other appeal of John E. Rodarte Sr. Vs. Texas Department Of Family And Protective Services,Appeal No.04-14-00922-CV.

It is also requested by appellant Rodarte Sr.,that the honorable 4TH COA,order its clerk,to obtain verification of the cases filed by appellant,from the U.S. District Court,U.S. Court Of Appeals,For The 5TH Circuit In Louisiana,U.S. Bankruptcy Court,both U.S. Courts are located in San Antonio,Texas(Dist.Ct.& Bankruptcy Ct.),Bexar County District Clerk,Donna Kay McKinney,Travis County,Texas District Clerk,Third Court Of Appeals in Austin,Texas.

While there are two cause numbers that appellant may not be able to provide this court with,the following cases are as follows: U.S. District Court in San Antonio,Texas SA-14-CA-100-DAE which was transferred from U.S. District Court in Austin,Texas,to which garnishment of Rodarte's Inmate Trust Fund Account was ordered,and still being paid on,a balance of $270.00;there was a case filed in 2003 or 2004 in U.S. Dist.Ct.in San Antonio,Texas;5:07-cv-988-XR; SA-13-CA-1126; for a total of four U.S. Dist.Ct.cases,all in San Antonio,except for the one in Austin. The Austin case number is A-13-CV-1093-LY.

Next,the 5TH Circuit Ct.cases:14-50268 and 08-51253 for payment was made in full. The U.S. Dist.Ct.case above,is correctly stated now as 5:07-cv-00988-XR-PMA. Appellant,wishes to inform the court,that the following case numbers,were not manufactured out of thin air.

Potter County Dist.Clerk,for cause number,to which appellant is a party to and representative thereof,No.98395-E or 098395-00E or 098395-E;Austin,Texas Dist.Clerk cause numbers are: D-1-GN-13-001125 dismissed in part,renumbered in part,to ,excuse me,severed to number D-1-GN-13-003246 to the 345th Ct. from the 98th Ct.

Third Court Of Appeals in Austin,Texas is 03-13-00705-CV. I believe the Judge Mary Roman portion,was the part that was severed,it may very well be,that the portion against CPS may very well be active, awaiting dismissal docket,hence the ruling for continued right to litigate the case,due to the provisions set forth under Texas law afforded by the Discovery Rule,as this court has been apprised of.

Therefore,it may very well under a question of law,become,should it become necessary,that intervention be motioned for,by the Texas Supreme Court and the U.S. Supreme Court. *EXHIBIT 17A*

2.

The Austin civil case,00346 case,may have been dismissed by the operation of law provisions,yet,it must be questioned under the prinicples of being placed on the dismissal docket,to which,appellant has never received notice of.

The next cases,are out of San Antonio,Texas,should be residing at the Bexar County District Clerk's Office under the following: 2003-CR-2907; 2003-CR-6651; 2010-CI-14597 Beneficial Texas Inc.Vs. Rachel A. Rodarte John E. Rodarte Sr.,2010-CI-03698 John E. Rodarte Sr.Vs. Rosanna J. Patterson; John B. Rodarte Sr. Vs. The State Of Texas et al,2011-CI-03434;2010 -CI-12625;2005-CI-18884 John E. Rodarte Sr. Vs. Bexar County,Texas,Sheriff Ralph Lopez,et al;2010-CI-12625 Rodarte Sr. Vs.Texas Department Of Family And Protective Services.

The following cases,are/can be found at the 4TH COA in San Antonio, Texas. The following cases are: 04-04-00154-CV for a writ of mandamus to which,in all reality,should have granted the proper relief,but it was overlooked;04-04-00673-CR a criminal appeal,to which,was not argued as per Robinson Vs. State,16 S.W.3rd.808 and the favorable Brady evidence found in the 1995 CPS file;04-10-00860-CV; 04-12-00211-CV;04-14-00681-CV;04-14-00922-CV;and 04-15-00012-CV and a hot check case against me,that should have been appealed,due to denial of my request for a jury trial and request for a handwriting expert,plus all hot checks written,were written while I was detained at the Bexar County Adult Detention Center,but who would listen to me,all that had to be done was compare the dates on the checks and my detainment on April 17,2003 to October 29,2004,should suffice,that I was wrongfully charged and illegally misrepresented by counsel.

One last issue,is cause no.14-0388 in the Texas Supreme Court. It has to argued under questions of law,is it customary,for the courts to misapply constitutional laws,statutes,codes,etc? Under a question of law,when a case has been set for jury trial,can such a case,go against a judge's court order,placing a case on the jury docket,and hearing motions to dismiss,thus going against a judge's order?

This is further made argueable,in that,while a case has been placed on the jury docket,to which this has been done twice,deny a constitutional right to a trial by jury,especially when the cases exhibiting favorable decisions in the appellate courts and Texas Supreme Ct.,in that certain issues,concerning notice,and failing to give notice,are issues that must be resolved by a jury. *17A*

3.

Ct Exhibit 3

Cause No._____

| | | |
|---|---|---|
| John E. Rodarte Sr., Affiant,Movant,Petitioner, Plaintiff,In Propia Persona | §<br>§<br>§ | IN THE DISTRICT COURT |
| Vs. | §<br>§ | ____TH JUDICIAL DISTRICT |
| Caliber Home Loans,Its Successors And Assigns, Defendants, | §<br>§<br>§ | BEXAR COUNTY,TEXAS |

*SHOULD HAVE BEEN FILED, OR RETURNED FOR ANY NEEDED CORRECTIONS. AND WAS NOT.*

**PLAINTIFF'S ORIGINAL PETITION,
WITH MOTION TO SUSPEND ALL FORECLOSURE
ACTION BY DEFENDANT(S),SUCCESSORS,AND ASSIGNS,
MOTION FOR DISCOVERY;AND HOMESTEAD PROTECTION,
OF PLAINTIFF'S PROPERTY**

To The Honorable Judge And Court:

Now comes John E. Rodarte Sr.,Plaintiff in the above styled and numbered cause of civil action,and will show the honorable court the following: *march 11,2015*

Plaintiff Rodarte Sr.,known hereafter as Rodarte Sr.,has had his rightful property,known as 7418 Pipe Spring in San Antonio,Texas Legal Description:NCB 18658 BLK 8 LOT 5 ONE NORTH PLACE UT 3 (TIMBER CREEK ANNEX).

That Caliber Home Loans,has sent certified return receipt mail to plaintiff Rodarte Sr.,can only intend,by Caliber's notice and fineprint in said notice of debt collection,that,plaintiff will only assume that foreclosure proceedings will become immient.

Rodarte Sr.,will respectfully ask for leave of court concerning all of his pleadings,motions,and allowance to follow all of Texas' laws,rules,statutes and codes,in that the defendants follow suit.

That plaintiff Rodarte Sr.,is indigent,and makes this his affidavit to that effect for all practical purposes concerning this suit. This is done,pursuant to Texas Rules Of Civil Procedure,R.145,1.,2.,176, 176.4(a);216,a.,b.,217,218,219. Said indigency of plaintiff,will be sworn to by the plaintiff,proof of indignecy by submission of a six month trust fund statement,and possible Notary Public,if done by prison personnel as requested on or about March 11,2015.

*PLEASE COPY + RETURN FOR my RECORDS.*

*17 A*

1.

That this proceeding is brought forth,pursuant to Texas Rules Of Civil Procedure,Rules 21,21(a),that the court suspend the requirement of certified Mail,Return Receipt,due to the fact,that while certified mail may be requested by an inmate,it is always denied. Therefore,plaintiff asks the honorable court,to suspend the following mailing and service requirements,and allow just first class postage mail to suffice,in giving notice and service to the defendants by the plaintiff.

The following applicable rules are as follows:21,21(a),22,24, 28,42 as it has been plead to in the past;45,51,53,54,74,76,78, 83,84,94,97,99,a,b,c,d.,103,106,107,108:Caliber home Loans is located at 13801 Wireless Way Oklahoma City,OK 73134 Attention to Lynnette Sh..bazi,Assistant Vice President,Customer Support and Escalations;email:complaintresolution@caliberhomeloans.com.

Continuing with Texas Rules Of Civil Procedure,Rules 112,120a,1 139,140,145,160,167 and all applicable subsections,175,176in that plaintiff Rodarte Sr.,asks for issuance of subpoena and notice thereof,to Priscilla Rodarte Cantu,only available contact information is phone number (210) 701-6184 in San Antonio,Texas. This is requested,due to the fact that Ms.Cantu,may be of assistance to Mr. Rodarte and the extent of her assistance capacity may be determined by plaintiff.

Onward with applicable rules of civil procedure,176.8(a),181, 190,190.3;190.4,this is especially requested by the plaintiff, all of the record on file in Bexar County,Texas in the custody of Donna Kay McKinney,Bexar County District clerk,101 West Nueva St. Suite 217 San Antonio,Texas 78205,191.2,191.3,192,192.1(all subsections of 192.1),194,194.4215.2(a).

Being that plaintiff Rodarte Sr.,is indignet,it is therefore motioned for,that subpoena be issued upon the proper Health Dept. in San Antonio,Texas,Office Of Vital Statistics,that concerns Death Certificates,that the court order the District Clerk,to obtain the necessary contact and serving information,in obtaining a true copy of a Death Certificate of Rachel or Raquel A. Rodarte who passed away on January 10,2010 in San Antonio,Texas.

2.    17 A

Rodarte's Original Petition Against Caliber Home,(March 11,2015)

Continuing with Texas Rules Of Civil Procedure,239,245,246,and not limited to application of Texas property code,Probate Code, Texas Constitution Article 16§9,48,49,50,51,and 52. It is for the issues in this proceeding,that the clerk be ordered to submit the full record of Cause No.2010-CI-14597 Beneficial Texas Inc.,Its Successors And Assigns Vs.Rachel A. Rodarte,John E. Rodarte Sr.

The request for submission of the full record by court order, that a fair judicial proceeding may occur,in that,the defendants may have access to the required evidence of Mrs. Rachel A. Rodarte's death,by virtue of the exhibits of this file and or by subpoena to the proper and correct agency,that concerns death certificates in San Antonio,Texas.

the request for the 2010-CI-14597 file,is especially important, due to the applicable Texas Homestead Laws,by and through the Texas Constitution,Property,Probate and Tax Codes,that are no longer made available to the plaintiff,due to rules of the Texas Prison System,that is The Texas Department Of Criminal Justice Institutional Division. Therefore,as it has been requested for in the past to no avail,yet to be requested in the interest of justice due process and the protection of Rodarte's equal protection of the laws,afforded to him by and through the 5th,6th,7th and 14th Amendments of the U.S. Constitution,not to exclude U.S. federal laws as made applicable upon this action's progression,said federal law application,will then be made applicable thereto.

It must also be requested of Bexar County Dictrict Clerk, Gerald Rickhoff,and the Secretary Of The State Of Texas,for documentation made by the plaintiff concerning Homestead Exemption and protection of his rightful home,especially against creditors.

This is made further evident,that a Child Support Lien,placed by The Texas Attorney General,should be remove from the County Records,due to the fact,that the Attorney General,did not respond then,to the action in 2010-CI-14597,therefore waiving any right to the enforcement of the child support lien,therefore,Rodarte Sr., motions the honorable court to dissolve the lien placed upon his property by the Texas Attorney General,failure to respond upon timely notice to appear and respond,thus lien should no longer be inforce or enforceable.

3.

17 A

Rodarte's Original Petition Against Caliber Home,(March 11,2015)

Being that the original loan contract made between Beneficial
Texas Ins.,failed to follow the requisites of Art.16§50 of the
Texas Constitution,should void and nulify the contractual agree-
ment under various provisions,set forth in article 16§50,especially
where the lender,must forfeit the principle,interest,and all payments
made to the note,due to violating the,lending more than the 80 per-
cent of the fair market value of the home,and failure to obtain a
signed example thereof,and an affidavit that my Mom,was using my
home as her homestead,thus not signing an affidavit,that 7418 Pipe
Spring,was not her homestead.

As it has been submitted to Caliber Home Loans,copies of a Gift
Warranty Deed and Tax account information by the plaintiff,the
defendant,has yet to return these documents,also made available to
Consumer Financial Protection Bureau. Apology may be made now by
the plaintiff,in that,he may have only provided said information
to CFPB,but plaintiff believes that he submitted same said inform-
ation to Caliber Home Loans just as well. This is why the record,
must become part of this proceeding's action,see case file #2010-CI-
14597 Beneficial Texas Inc.

Plaintiff Rodarte Sr.,motions that any and all foreclosure proceed-
ings,be suspended,if they have not already been concluded in the
prior proceeding,to which plaintiff believes was favorable to him
and his property. Plaintiff,also makes notice,of his intent to claim
his rightful receivership of monies,granted in a federal settlement
against HSBC Bank USA,among other things.

Respectfully Submitted,

4.

## PETITIONER'S AFFIDAVIT

This affidavit,is brought forth pursuant to Tex.R.Civ.Pro.R.145, and Civ.Prac.And Rem.,Chap.132 respectively. This affidavit,will show,that affiant,John E. Rodarte Sr.,is currently incarcerated at the William P. Clements Unit,9601 Spur 591 Amarillo,Texas 79107-9606 under T.D.C.J.# 1263270.

Petitioner,plaintiff Rodarte Sr.,is of sound mind,and body fails him somewhat,is over the age of eighteen years of age and a resident of the State of Texas. Rodarte Sr.,states,that the following statements and claims are true and to the best of his knowledge. This applies to the fact that affiant is indigent and cannot afford the costs and fees associated with this cause of action. Therefore,the plaintiff invokes the 14th Amendment,Equal Protection Of The Law Clause,in that the Due Process Clause,will also be invoked.

That bench warrant is deemed necessary due to the claims already stated within this document. That the very same status of indigency, apply towards waving of the fees and costs of this suit,and the fee for a jury,be also waived. That this affidavit,be legal and binding in the State Of Texas,its counties,and the United States Of America.

EXECUTED ON THIS_____DAY OF_____2015_____
                                                        Respectfully Done

On this_____Day Of_____2015 came the affiant named herein, John E. Rodarte Sr.,TDCJ # 1263270 appeared before A Notary Public of Texas. Affiant named herein,swore to the above,that said was true and correct.

Executed On This_____Day Of_____2015_____
                                            Notary Public Of Texas

_____
affix stamp

## CERTIFICATE OF SERVICE

This is to certify,that a true and correct copy of the foregoing document,has been sent by first class postage and USPS mail,to Ms. Lynette Shahbazi,Caliber Home Loans,13801 Wireless Way,Oklahoma City,OK 73134.

Executed On This_____Day Of_____2015,_____
                                   5.    /7n.  Respectfully Done

## PRAYER

Plaintiff John E. Rodarte Sr.,makes his petition known to God in the highest,that the honorable court,grant him the relief sought by and through his pleadings and due process of law respectively.

Respectfully Done,

Approved As To Form:

John E. Rodarte Sr.

J.R./j.r.
03/11/2015

6.   17A

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE      10/14/15
BC52/KHO1557               IN-FORMA-PAUPERIS DATA               05:59:13
TDCJ#: 01263270 SID#: 02663385 LOCATION: BILL CLEMENTS    INDIGENT DTE: 04/24/15
NAME: RODARTE,JOHN SR                    BEGINNING PERIOD: 04/01/15
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:          0.00 TOT HOLD AMT:       0.00 3MTH TOT DEP:        0.00
6MTH DEP:             2.51 6MTH AVG BAL:       7.04 6MTH AVG DEP:        0.42
MONTH HIGHEST BALANCE TOTAL DEPOSITS    MONTH HIGHEST BALANCE TOTAL DEPOSITS
09/15         0.00              0.00    06/15         2.02              2.02
08/15         0.00              0.00    05/15         0.49              0.49
07/15         0.00              0.00    04/15        73.01              0.00
PROCESS DATE    HOLD AMOUNT     HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF _Potter_
ON THIS THE _14_ DAY OF _October_ _2015_, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER: _____

This This was returned to me by U.S.D.C. San Antonio, on 10/27/2015. I have been trying to return to U.S.D.C. ever since, for their record. If they haven't made copies of the enclosed exhibits of how difficult it is to/for me to obtain supplys. After more than 19 years here, you would think that I would know by now, how to request supplies. Also, please note the date on when my Removal Motion was sent, as well to Appellees Counsel 9/28 - 9/29. This should have stayed the 10/07/2015 hearing.

K. HOLT
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 09-30-2016
NOTARY WITHOUT BOND

Please send this U.S.D.C. Clerk, in case they need the exhibits, 4th COA may copy for their record.

**REFER TO A.D. 14.09 – POSTAGE AND SUPPLIES**

Effective 10/01/13, an indigent offender may use indigent postage to send
five (5) one ounce letters per month to general correspondents.

General correspondence supplies issued one time per calendar month in the following amounts:
25 sheets of paper, 5 envelopes, 1 pen.  Justify a need otherwise.

\_\_\_\_  You do not qualify for Indigent Supplies or Postage.

\_\_\_\_  You have used all your personal postage for the month.  Resubmit next month.

\_\_\_\_  You did not include a request for postage/request not marked for postage.

\_\_\_\_  Your letters did not have a return address or return address was altered.

\_\_\_\_  Access to Courts has instructed us not to process homemade envelopes.

\_\_\_\_  You were not issued supplies/postage because you did not sign your request.

\_\_\_\_  You were not issued carbon paper because you did not return old carbon paper.

\_\_\_\_  You did not demonstrate need for writ envelope (address, court date, # of pages).

\_\_\_\_  You were not issued a pen because you did not include a pen (complete) for exchange.

\_\_\_\_  You were not issued supplies because you did not fill out your request properly.

\_\_\_\_  Indigent postage is only for necessary/appropriate processing of written correspondence.

\_\_\_\_  You did not provide justification for supplies.

\_\_\_\_  Exhaust the supplies already issued to you.

\_\_\_\_  Other:

*[Handwritten notes in right margin:]* Received 10/12/2015 Requested 50 sheets 5 carbons 5 envelope 1 pen  GOT 25 sheets NO pen

**SUBJECT:** State briefly the problem on which you desire assistance.

AM REQUESTING MAIL OUT DATES FOR TWO PIECES OF LEGAL MAIL TO BRUCE NEYLAND ON 9/28/2015 THROUGH INDIGENT SUPPLIES AND TO U.S. DIST. CT. IN SAN ANTONIO, TX ON 9/29/2015 THROUGH IN MAILBOX BY ME ON 9/29/2015

COULD YOU PLEASE LET ME KNOW EXACTLY, WHEN THESE PIECES OF MAIL ACTUALLY WENT OUT. MR. NEYLAND HAS RECEIVED MAIL, I HAVE NOT HEARD FROM USDC.
/Y

Name: JOHN E. ROARTE SR.    No: 1263270    Unit: CLEMENTS

Living Quarters: 18 S 121    Work Assignment: MED. UNASIGNED , OFF

**DISPOSITION:** (Inmate will not write in this space)

Mail to Neyland went out on 9/28/15
Mail to USDC went out on 9/29/15

10/8/15

I-60 (Rev. 11-90)

EXHIBIT 'A'

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — INSTITUTIONAL DIVISION

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _Mail room, Atten: Mrs. Glenn_  DATE: _10/08/2015_
(Name and title of official)

ADDRESS: _Clemens_

**SUBJECT:** *State briefly the problem on which you desire assistance.*

REQUEST 6 MONTH PRINTOUT OF TRUST FUND, FOR LEGAL FILING IN COURT.

ISSUANCE OF 5 CARBONS, WHICH WERE REQUESTED BUT NOT ISSUED ON 9/28/2015 AND RETURNED.

Name: JOHN E. RODARTE Sr.          #3270    Unit: CLEMENTS

Living Quarters: 18 S 121          W:     nment: MED. UNASSIGNED/OFF

**DISPOSITION:** (Inmate will not write in this space)

use seperate I-60's; use your ISE to send in request for supplies

I-60 (Rev. 11-90)

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _Law Library_ 14

(Name and title of official)

DATE: _9/29/2015_

ADDRESS: _____ _CLEMENTS_

TEI-S-81

## REFER TO A.D. 14.09 - POSTAGE AND SUPPLIES

**Effective 10/01/13, an indigent offender may use indigent postage to send five (5) one ounce letters per month to general correspondents.**

General correspondence supplies issued one time per calendar month in the following amounts: 25 sheets of paper, 5 envelopes, 1 pen.  Justify a need otherwise.

\_\_\_\_ You do not qualify for Indigent Supplies or Postage.

\_\_\_\_ You have used all your personal postage for the month.  Resubmit next month.

\_\_\_\_ You did not include a request for postage/request not marked for postage.

\_\_\_\_ Your letters did not have a return address or return address was altered.

\_\_\_\_ Access to Courts has instructed us not to process homemade envelopes.

\_\_\_\_ You were not issued supplies/postage because you did not sign your request.

\_\_\_\_ You were not issued carbon paper because you did not return old carbon paper.

\_\_\_\_ You did not demonstrate need for writ envelope (address, court date, # of pages).

\_\_\_\_ You were not issued a pen because you did not include a pen (complete) for exchange.

\_\_\_\_ You were not issued supplies because you did not fill out your request properly.

\_\_\_\_ Indigent postage is only for necessary/appropriate processing of written correspondence.

X You did not provide justification for supplies.

X Exhaust the supplies already issued to you.

\_\_\_\_ Other:

*[handwritten notes in right margin: Received 10/5/2015 ASKED FOR 25 SHEETS, GOT 5 CARBON, GOT 10 ENVELOPES, 1.0 PEN, 1 GOT ONLY 5 CARBONS]*

# Texas Department of Criminal Justice

## STEP 1    OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: RODARTE SR., JOHN E.    TDCJ # 1263270

Unit: (BC) Clements    Housing Assignment: 18 Bldg, S 121

Unit where incident occurred: (BC) CLEMENTS

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? IN THE PAST, MANY Officers   NO RESOLVE   When? TODAY I'LL GET YOUR STEP I's LATER

What was their response? SEE ABOVE

What action was taken? NONE AS USUAL, BUT PAPER TRAIL MUST BE GENERATED

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 9/28/2015, AND 10/05/2015, supplies were requested. NONE WERE issued on 9/28/201~, ONLY 5 carbons WERE issued. Review of Request Forms will be needed. Problem is, on 9/28/15, being that no supplies were issued, the easy way out on this one, is that it must be my fault for not requesting anything because there will probably be no Request Form for 9/28/15 even though I requested supplies. Next, this is denial to access to courts, I have legal work, that, must be completed on Courts time table, not TDCJ's. Too much game being played by law library staff, to which as of now, 5 carbons are issued on 10/05/15, but no paper, real envelopes, Now how in the world am I supposed to complete my legal work with just carbons? Next, because of the non-issuance of supplies, am I supposed to look else where for supplies? My last mail was to the Courts and defendants, and friend in Indiana. Last Step One concerning this very same issue, since May 2015 to current, I have been given Again, simple denials, by saying "justifications," to which, otherwise, as per month I am allowed a certain amount of supplies,

---

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

are still not issued. This causes distress, which is something to laugh about by TDCJ staff, but when important mail must be sent out, I must try to mail out my mail, because TDCJ has another agenda, that has nothing to do with being compliant with access to courts, a federal statutory right. This is really redundant, this denial to supplies happens all the time! If you do not want me to ask for supplies, just tell me so!

**Action Requested to resolve your Complaint.** WHAT DO YOU THINK? Or is asking for supplies + filing another STEP 1 redundant?

**Offender Signature** _____ Date: 10/05/2015

**Grievance Response:**

Was resolved 2 days later; but problems continue.

**Signature Authority:** _____ **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

John E. Rodarte Sr.
-TDCJ # 1263270
Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

United States District Court
Office of the Clerk
Western District of Texas
727 E. Cesar Chavez Blvd. A500
San Antonio, Texas 78206

OCTOBER 14, 2015

RE: REMOVAL OF ACTION 2010-CI-14597 BENEFICIAL TEXAS INC.,
ITS SUCCESSORS + ASSIGNS Vs. JOHN E. RODARTE Sr. 166TH DISTRICT
COURT, TO U.S.D.C. SAN ANTONIO, DIVISION FOR THE PROTECTION OF
MR. RODARTE'S RIGHTS TO HIS HOMESTEAD/ FEDERAL Suit FRAUD.

TO THE CLERK:

THIS LETTER IS A CONTINUING LETTER, TO MOTION FOR REMOVAL
AND EXHIBITS OF TDCJ INDISCRETIONS WHEN FILING LEGAL WORK,
OBTAINING INDIGENT SUPPLIES. AS FAR AS SUPPLIES ARE CONCERNED,
LYING ON GOVERNMENT DOCUMENTS, THAT I DID NOT INCLUDE A
COMPLETE PEN FOR EXCHANGE, SEE ENCLOSED EXHIBIT, I KNOW YOU
DON'T HAVE TO BELIEVE ME, BUT I DID NOT GET 25 SHEETS OF
PAPER, TO WHICH I ASKED FOR 50.

I AM HOPING THAT I WILL BE ABLE TO PROVIDE A TRUST
FUND PRINTOUT WITH THIS LETTER IN CASE IT IS NECESSARY.

THE NEXT ISSUE, CONCERNS NON-RECEIPT OF MY REMOVAL
MOTION BY THIS COURT OR CLERK, SEE EXHIBIT FROM MAILROOM.
AGAIN, THE HEARING COMPLAINED ABOUT FOR REMOVAL, ON 10/07/15
IN THE 166th DIST. CT. HONORABLE MERY, COUNSEL FOR BENEFICIAL
TEXAS INC., MR. BRUCE NEYLAND, WAS IN RECEIPT OF REMOVAL MOTION,
BUT THE COURT, WAS NOT APRISED OF SAID MOTION, DID NOT TAKE INTO
ACCOUNT MY COUNTER SUMMARY JUDGEMENT MOTION, CONTINUANCE, ETC.,
AND GRANTED BENEFICIAL'S 2nd MOTION FOR IN REM S.J. .

MY HOME CONCERNS ME, THIS IS WHAT THIS IS ALL ABOUT.
SURE MY MOM BORROWED MONEY ON MY HOUSE TWICE, BUT IT WAS
NOT FOR HER OR MY BENEFIT, SHE PASSED AWAY ON 01/10/2010
THROUGH ATTORNEY VALERIE ALONZO, MADE A GENERIC WARRANTY
GIFT DEED TO ME, AND A LAST WILL + TESTAMENT, BEQUEATHING MY
HOME TO ME. PLUS, CASE # 1995-CI-05393 JUDGE HABERMAN, DECREED
ARE MY HOME. TOO MANY TEX. CONST. ART. 16 § 50 PROVISIONS AND
TO INCLUDE PROBATE, PROPERTY CODES, TEX. CONST. ART. 16 § 9, 50, 51, 52
WERE ALLOWED TO GO UNRESOLVED, THUS MY U.S. CONST.
RIGHT TO MY HOME, TITLE 15 USC § 522(A)(1)(2)(b) BANKRUPTCY CODE
WERE ALSO VIOLATED. THE NOTE WAS, BY LAW HAD TO BE
UNDERWRITTEN BY TEX. FINANCE, INSURANCE CODES IN VIOLATION
TEXAS BUS + COM. CODE, FRAUD PROVISIONS, ALL CODES THAT WE
NO LONG HAVE ON THIS UNIT, TO WHICH I KNOW THIS
PLACE IS OPENING LEGAL MAIL. I REALLY NEED SOME
GOOD HELP. ALSO, I BELIEVE UNIFORM COMMERCIAL CODE
MAY BE APPLICABLE.
I. FILED NEW SUIT PER 736.11
CIV. R. PRO. PREPARING AN APPEAL
+ INJUNCTION TO 4TH COURT OF APPEALS
ALL THERE IN SAN ANTONIO.

RESPECTFULLY DONE,

I DID SEND REMOVAL
REMOVAL TO BOSS ADDRESS
ON 9/29/2015

I AM NOT THE ONLY
INMATE WITH INDIGENT
SUPPLIES TROUBLES. NEED
UNDERCOVER, UNANNOUNCED
INVESTIGATION OF DENNIS DAVIS, GLENN WHALEY SUPERVISOR

To: USDC
SA

To: USDC
SA

# STEP 1

## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

Offender Name: Robarte Sr. John E       TDCJ # 263270

Unit: (BC) Clements     Housing Assignment: 18 BLDG 5 121

Unit where incident occurred: (BC) Clements

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? No one I'm on Lockdown    When? 10/26/2015

What was their response? None as usual

What action was taken? None, or that they made a mistake

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 10/26/2015 I requested 25 sheets of paper, 1 pen to which empty (complete) what ever that means Ambiguous meaning, empty pen for exchange was not returned, 10 envelopes, none of requested supplies were issued, even with extensive justification. It does not really matter what quio or ioul indigent supply officer use to deny me supplies, I'm tired of being made out to be a liar, when the courts are what I need to go by, Tact officers should also but dont. This brings me to another serious concern as per correspondence sent to Warden Nash, this next issue will be considered inappropriate, excessive or even Redundant, for non acceptance, thus making this Unit or issues look lesser than they really are. Anyway, I truely believe that mail sent to the U.S. Supreme Court never arrives, that so my secure and private legal, is being opened and read by Unit personnel. I make no "bones" also when it comes to being denied supplies As grievance records 90 so I have quite a long record of discord when it comes to my being denied supplies, that even family has had to get involved. Being that this has gone on for years, to include current & 10/26/15

---

1-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

THAT THERE SHOULD BE NO REASON FOR THIS TO BE AN ONGOING problem with me + TDCJ. UNLESS THERE IS SOME OTHER REASON THAT DOES NOT EXIST ON TDCJ POLICY OR RULES, THAT TDCJ POLICY AND RULE, ARE simply being USED AS AN EXCUSE TO DENY me OTHERWISE Legit AND just-ifiable REQUESTS FOR Supplies. I MEAN, just THE postage ALONE proves my ONGOING need, AS well AS My INComing Legal MAIL proves This, UNLESS someone READS my mail AND makes THEIR OWN determinations AS TO my Legal NEEDS.

Action Requested to resolve your Complaint. I'm NOT That stupid, I've explained WHAT THE problem is, UNLESS you need explaining, I'll draw WHAT THE problem is, UNLESS you need explaining, I'll draw a map.

Offender Signature: _____ Date: 10/28/2015

Grievance Response:

Signature Authority: _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because: *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

OFFICE USE ONLY

Initial Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2ⁿᵈ Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3ʳᵈ Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

*VIEWS STEP 2*

OFFICE USE ONLY

Grievance #: 2016021258
Date Received: OCT 06 2015
Date Due: 11-15-16
Grievance Code: 701
Investigator ID #: I2058
Extension Date: _____
Date Retd to Offender: OCT 27 2015

Offender Name: RODARTE SR., JOHN E.   TDCJ# _____
Unit: (BC) CLEMENTS   Housing Assignment: 18 BLDG. S / 21
Unit where incident occurred: (BC) CLEMENTS

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name. title)? IN THE PAST, MANY OFFICERS   NO RESOLVE   TODAY, I'LL GET
When? YOUR STEP 1'S LATER
What was their response? SEE ABOVE   OCT 06 2015
What action was taken? NONE AS USUAL, BUT PAPER TRAIL MUST BE GENERATED

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

ON 9/28/2015, AND 10/05/2015, SUPPLIES WERE REQUESTED. NONE WERE ISSUED ON 9/28/2015, ONLY 5 CARBONS WERE ISSUED. REVIEW OF REQUEST FORMS WILL BE NEEDED. PROBLEM IS, ON 9/28/15, BEING THAT NO SUPPLIES WERE ISSUED, THE EASY WAY OUT ON THIS ONE, IS THAT IT MUST BE MY FAULT FOR NOT REQUESTING ANYTHING BECAUSE THERE WILL PROBABLY BE NO REQUEST FORM FOR 9/28/15 EVEN THOUGH I REQUESTED SUPPLIES. NEXT, THIS IS DENIAL TO ACCESS TO COURTS. I HAVE LEGAL WORK, THAT, MUST BE COMPLETED ON COURT'S TIME-TABLE, NOT TDCJ'S. TOO MUCH GAME BEING PLAYED BY LAW LIBRARY STAFF, TO WHICH AS OF NOW, 5 CARBONS ARE ISSUED ON 10/05/15, BUT NO PAPER, PEN, ENVELOPES, NOW HOW IN THE WORLD AM I SUPPOSED TO COMPLETE MY LEGAL WORK WITH JUST CARBONS? NEXT, BECAUSE OF THE NON-ISSUANCE OF SUPPLIES AM I SUPPOSED TO LOOK ELSEWHERE FOR SUPPLIES? MY LAST MAIL WAS TO THE COURTS AND DEFENDANTS AND FRIEND IN INDIANA. LAST STEP ONE CONCERNING THIS VERY SAME ISSUE, SINCE MAY 2015 TO CURRENT, I HAVE BEEN GIVEN AGAIN, SIMPLE DENIALS BY SAYING "JUSTIFICATIONS" TO WHICH, OTHERWISE, AS PER MONTH I AM ALLOWED A CERTAIN AMOUNT OF SUPPLIES.

OCT 06 2015

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

THAT, EVEN WHEN I JUSTIFY AND SHOW POSTAGE ISSUED, SUPPLIES ARE STILL NOT ISSUED. THIS CAUSES DISTRESS, WHICH IS SOMETHING TO LAUGH ABOUT BY TDCJ STAFF, BUT WHEN IMPORTANT MAIL MUST BE SENT OUT, I MUST TRY TO MAIL OUT MY MAIL, BECAUSE TDCJ HAS ANOTHER HIDDEN AGENDA, THAT HAS NOTHING TO DO WITH BEING COMPLIANT WITH ACCESS TO COURTS, A FEDERAL STATUTORY RIGHT. THIS IS REALLY REDUNDANT, THIS DENIAL TO SUPPLIES HAPPENS ALL THE TIME. IF YOU DO NOT WANT ME TO ASK FOR SUPPLIES JUST TELL ME SO! OCT 06 2015

Action Requested to resolve your Complaint. WHAT DO YOU THINK? OR IS ASKING FOR SUPPLIES + FILING ANOTHER STEP 1 REDUNDANT?

Offender Signature: _____ OCT 06 2015 Date: 10/05/2015

Grievance Response:

Your complaint has been investigated and reviewed. Staff advise that you did not justify the need for indigent envelopes on 09/28/2015, therefore you were not issued the requested supplies. No policy violations found. No further action warranted.

J. Beach, Assistant Warden

Signature Authority: _____Beach_____ Date: OCT 26 2015

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (1-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:       *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority:_____

OFFICE USE ONLY

Initial Submission       UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission       UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission       UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

**SUBJECT:** State briefly the problem on which you desire assistance.

REQUESTING DATES, OR VERIFICATION OF LEGAL MAIL SENT TO BEXAR COUNTY DISTRICT CLERK ON MARCH 16, 2015 OR MARCH 16, 2015 AND TO CALIBER HOME LOANS IN OKLAHOMA CITY, OK WIRELESS RD, BAD ADDRESS. THIS MAY HAVE GONE OUT AS PERSONNEL. ALL YOU CAN DO TO HELP WILL BE APPRECIATED.

T/Y

general
not
logged

Name: John E. Prearte Sr.　　No: 1263270　　Unit: Clemens

Living Quarters: 1 E S 121　　Work Assignment: Neg. Unassigned, OFF

**DISPOSITION:** (Inmate will not write in this space)

10/28/15 We only verify mail which has gone out in the current log (approx. 1 month) This date is too old.

gg um

I-60 (Rev. 11-90)

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: *MAILROOM, ATTN: LEGAL*     DATE: *10/28/2015*
(Name and title of official)

*CLEMENT*

ADDRESS: _____

*EXHIBIT*

## REFER TO A.D. 14.09 – POSTAGE AND SUPPLIES

**Effective 10/01/13, an indigent offender may use indigent postage to send
five (5) one ounce letters per month to general correspondents.**

**General correspondence supplies issued one time per calendar month in the following amounts:
25 sheets of paper, 5 envelopes, 1 pen.   Justify a need otherwise.**

_____ You do not qualify for Indigent Supplies or Postage.   *WHY? NOT LEGAL POSTAGE*   *REC'VD 10/26/15*

_____ You have used all your personal postage for the month.   Resubmit next month.

_____ You did not include a request for postage/request not marked for postage.   *SENT 10/24/15*

_____ Your letters did not have a return address or return address was altered.   *ASKED FOR 1 PEN*

_____ Access to Courts has instructed us not to process homemade envelopes.   *25 SHEETS*

_____ You were not issued supplies/postage because you did not sign your request.   *10 ENVELOPS*

_____ You were not issued carbon paper because you did not return old carbon paper.   *5 LEGAL*

_____ You did not demonstrate need for writ envelope (address, court date, # of pages).   *5 PERSONAL*

_____ You were not issued a pen because you did not include a pen (complete) for exchange.   *WHAT IS ↓ ? GOT NOTHING PEN*

_____ You were not issued supplies because you did not fill out your request properly.

_____ Indigent postage is only for necessary/appropriate processing of written correspondence.

_____ You did not provide justification for supplies.   *SURE DID*   *WAS NOT RETURNED*

_____ Exhaust the supplies already issued to you.   *SURE DID*

_____ Other:   *SUPPLIES WERE JUSTIFIED*